## J. C. WOOTERS v. J. W. ARLEDGE.

### (Case No. 1276.)

1. CERTAINTY OF DESCRIPTION — DEED. — Land was described in a levy and sheriff's deed as " a parcel of land containing one hundred acres, known as the Neill McLean homestead, situate about sixteen miles northwest from the town of Lockhart, and including the dwelling and outhouses and other improvements," reciting that it was the balance of the homestead tract left unconveyed. The Neill McLean place embraced in fact four hundred acres, none of which had been conveyed. *Held* —

   1. The deed from the sheriff was void, no specific land being sufficiently described.

   2. Distinguished from Wilson *v.* Smith, 50 Tex., 366.

   3. There were seventy-five acres of improved land on the tract, and if the transaction had been between individuals, the deed would have conveyed title to that improved land.

   4. In execution sales the authority of the officer is limited by the law from which it is derived, and land sold by him must be sufficiently designated.

5. The sale being of an undesignated part of a larger tract, there being no means of distinguishing the portion sold, the sale was void.

ERROR from Houston. Tried below before the Hon. W. D. Wood.

*Nunn & Williams*, for plaintiff in error.

*J. R. Burnett*, for defendant in error.

GOULD, ASSOCIATE JUSTICE.— Arledge claims the hundred acres of land, to recover which he brought this suit, under a constable's sale and deed; and if that sale and deed did not divest the title out of the defendant in execution, Pridgen, and vest it in the purchaser and grantee in the constable's sale, the judgment is erroneous. The objection to the sale and deed is, that there was no sufficient description of the land. The description of the land as levied on, sold and conveyed, is: "A tract or parcel of land containing one hundred acres, known as the Neill McLean homestead, in Houston county, state of Texas, lying and situate about sixteen miles northwest from the town of Crockett, it being the balance of said homestead tract that has not been conveyed by the said B. F. Pridgen by deed executed previous to the said 12th day of May, 1876, conveying the same in fee simple, or by sheriff's deed made prior to said day; the said tract of one hundred acres including the dwelling and outhouses and other improvements on said tract." The evidence is, that what is known as the Neill McLean homestead embraces four hundred acres, and that no part of that tract had ever been cut off or set apart for a homestead; that after Pridgen became the owner by deed from McLean and wife, none of it had been sold under execution or otherwise, except that in 1874 he had executed the mort-

gage on the whole, under which appellant's claim origi-
nated.    Immediately around and including the dwelling
and outhouses, there were about seventy-five acres en-
closed and in cultivation.    There was other land in culti-
vation, but not in connection with the dwelling.

It is manifest that the description is insufficient to des-
ignate the particular hundred acres sold by the officer.
The sale purports to be, not of the seventy-five acres
covered by the improvements, and of twenty-five acres
somewhere else on the tract, but was a sale of a tract of
one hundred acres, with no effort to fix, or means of
fixing, its locality, further than that it was to include the
improvements.    In this respect the case differs from
Wilson v. Smith, 50 Tex., 366, which is the only case of
an execution sale cited by appellee.    Counsel cite cases of
sales and conveyances between individuals.    If this were
such a case, it is obvious that the deed would at least pass
the title to the seventy-five acres improved.    But a differ-
ent principle controls execution sales, where the author-
ity of the officer is limited by the law from which it is
derived.    In such sales the rule is that the land sold must
be sufficiently designated.    Jackson v. DeLancy, 13 Johns.,
552; Jackson v. Rosevelt, 13 Johns., 102; Mason v. White,
11 Barb., 190; Evans v. Ashley, 8 Mo., 185; Rector v. Hartt,
id., 459; Freeman on Executions, secs. 281–330.

Accordingly, it is held that a sale by the sheriff of an
undesignated part of a large tract of land, there being
no means of distinguishing the portion sold from the res-
idue, is void.    DeLouch v. The State Bank, 27 Ala., 437;
Fenwick v. Floyd, 1 Harris & Gill, 174; Marmaduke v.
Tenant's Heirs, 4 B. Mon., 210; Freeman on Executions,
sec. 281, p. 465, and references; see, also, Wofford v. Mc-
Kinna, 23 Tex., 44, 45.

In the case before us, the sale was of an undesignated
one hundred acres out of the four hundred acre tract,
and being such a sale as the officer was without author-

ity to make, the sale and deed were inoperative to pass the title.   Howard *v.* North, 5 Tex., 315.

The judgment is reversed, and as the case was tried by the court, judgment will be here rendered for the defendant for his costs, and that the plaintiff take nothing by his suit.

REVERSED AND RENDERED.

[Opinion delivered February 4, 1881.]