Opinion delivered March 20, 1888.

--------

## No. 2499.

TRAM LUMBER COMPANY ET AL. *v.* ELECTRA C. HANCOCK ET AL.

1. DESCRIPTION.—A deed purporting to convey land which describes it only by quantity, and as being part of a larger tract, with nothing whereby to identify what specific portion of the larger tract is intended to be conveyed, is void for uncertainty of description in a tax title.
2. INNOCENT PURCHASER.—One who claims under a quit claim deed which on its face purports to convey only the interest of the vendor in the land as contradistinguished from a conveyance of the land itself, can not be an innocent purchaser.   See opinion for a deed held to be a quit claim deed.
3. STATUTE CONSTRUED—VERDICT.—When a juror is excused from service by counsel for both parties after the trial has begun, and a verdict is rendered by the remaining eleven, it is not necessary that all should sign it.

APPEAL from Jasper.   Tried below before the Hon. W. H. Ford.

*T. W. Ford,* for appellants: Where a person buys land from another who appears to be the owner, without notice that such apparent owner had previously parted with his title to the land, and pays a valuable consideration therefor, and where the first purchaser had been guilty of gross negligence in failing for forty years to record his deed, and never during that time ever exercised any right of ownership over the land, and where the junior purchaser had no notice of such unrecorded deed, then the junior purchaser, although he holds under a special warranty deed, will nevertheless be protected as an innocent purchaser, and his junior recorded deed will be superior to the unrecorded deed of the first purchaser. (Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 460; Richardson et al. v. Levi et al., 67 Texas, 361.)

*W. W. Blake,* for appellees.

ACKER, JUDGE. Appellant, the Tram Lumber Company, claimed the land in controversy under a deed from the collector of taxes, purporting to have been executed in pursuance of a sale of the land made for non-payment of taxes assessed against it. This deed, when offered in evidence, was excluded on objection of appellees, and this is assigned as error. The land attempted to be conveyed thereby is described as thirty-seven hundred and eighty-eight acres of the Martin Flores league.

As has been repeatedly decided by this court, such a deed is void for uncertainty and insufficiency of description of the land. The court did not err in excluding it.

One of the defenses interposed by appellants, James Masterson and Henry Fox, was that they purchased the land in good faith, paying a valuable consideration therefor, without notice of title or claim of appellees. Both parties deraign title under A. C. Allen. Masterson and Fox through a deed from the heirs of A. C. Allen to the heirs of David Files, dated March 5, 1878, and filed for record in Jasper county on the eighteenth day of May, 1878. Appellees through conveyance from A. C. Allen to their immediate ancestor, Harvey H. Allen, dated March 18, 1840, but never filed for record in Jasper county, where the land is situated, until the twenty-third day of May, 1882.

The heirs of David Files conveyed the land to Masterson and Fox by special warranty deeds. The deed from the heirs of A.

C. Allen to the heirs of David Files contains these recitations: "Whereas, we, Charlotte M. Allen, surviving wife of the late A. C. Allen, Eliza Converse, sole surviving child of said Allen, and James Converse, husband of said Eliza, are fully satisfied and convinced that one David Files had a good and valid deed to the land hereinafter described from and through the late A. C. Allen, and that the said original deed to said Files had been lost, and that the record. thereof in the county of Jasper was burned." The recited consideration is, "for and in consideration of preventing a ·suit, and the payment of ten dollars by the heirs of David Files," we "bargain, sell, remise, release and quit claim all our right, title, interest, estate, claim and demand in and to" the land in controversy.

There was evidence given tending to sustain the defense of innocent purchaser for value, and Masterson & Fox requested the court to give a special charge submitting that issue to the jury, which was refused, and this is assigned as error.

The question of innocent purchaser, or not, is generally one of fact for the jury, and when the issue is made by the pleadings and there is evidence tending to sustain it, it should, ordinarily, be submitted to the jury under proper instruction. But if the party setting up such defense, claims under a quit claim deed, in the strict sense of that species of conveyance, that is, when the deed purports and is intended to convey only the right, title and interest in the land, as distinguished from the land itself,the defense can not be sustained, however satisfactory the proof may be that the vendee in such deed purchased in good faith, for value and without notice of the prior unrecorded deed. (Richardson v. Levi, 67 Texas, 361.)·

The court below evidently construed the deed from the heirs of Allen to the heirs of Files to be simply a quit claim, in the strict sense of that term, and, if correct in that construction, there was no error in refusing to give the special charge asked by appellees. It is sometimes difficult to determine whether a deed is simply a quit claim, or a conveyance of the absolute right to the land, but in this case, it seems clear to us, that the deed from the heirs of Allen to the heirs of Files was intended to be, and is by its terms, simply a quit claim, a transfer of such "chance of title" as they might have as such heirs.

Appellees do not claim through the heirs of A. C. Allen, and are, therefore, not affected by the recitations in the conveyance from the Allen heirs to the Files heirs.

It is contended that the court erred in rendering judgment on the verdict, because the trial was by eleven jurors, and the verdict is signed by only one of them as foreman. After the jury was impaneled, one of them was excused by consent of all parties, on account of serious illness in his family. Article 3100 of the Revised Statutes expressly authorizes trials in the district court with a jury of less than twelve, by consent and agreement of parties, but does not, in such case, require that all of the jurors so trying a case shall sign the verdict.

Under article 3101 if a juror dies, or is disabled from sitting pending the trial of a cause, the trial may proceed with the remainder of the jury, not less than nine, without regard to consent of parties, and, in such case, the verdict must be signed by each of the jurors returning it. We think other errors assigned are immaterial and need not be considered.

Finding no error in the record requiring reversal, we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*