ALBERT HUFFMAN ET AL. V. DELHA EASTHAM ET AL.

Decided June 25, 1898.

**1. Evidence—Printed Volume of Abstract of Land Titles of the State.**

In a controversy as to the identity of land conveyed, a printed abstract of land titles published by the State Comptroller under legislative authority is admissible in evidence as against an objection that testimony must be given under sanction of an oath.

**2. Deeds—Construction—Description.**

Where two surveys of land have the same description, a deed will be construed as intended by the grantor to convey that one of them in which alone she had an interest.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Aldrich & Lipscomb,* for appellant.

*Powell, Ball & Randolph,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The land in controversy is included in a tract of thirteen labors patented August 31, 1857, to Theresa Tyler and known as survey No. 51, situated in Eastland County, near the line of Comanche. Appellee Delha Eastham recovered of interveners Albert Huffman and John Jacob Huffman, heirs of Elizabeth Huffman, who was sole heir, through her father, Wash Tumlinson, of the original grantee, Theresa Tyler, an undivided interest of 275 acres in this survey, that being the share devolved by inheritance on Elizabeth Huffman. This recovery was had perforce of a warranty deed made March 4, 1876, by Elizabeth Huffman and her husband, under which Delha Eastham deraigned title, which thus described the land conveyed: "All our right and title to one undivided interest in the survey of thirteen labors of land, patented to Theresa Tyler and located in Milam Land District, now Comanche County, Texas."

There were two surveys patented to Theresa Tyler, Nos. 50 and 51, each containing thirteen labors, both patented on the same day, August 31, 1857, and each patent describing its land as being in Coryell County (to which Eastland was originally attached for judicial purposes), in Milam Land District, on the water of the North Leon. From the field notes of the two patents, it appears that the survey in question, No. 51, was located next to and west of No. 50. It was shown on the trial that at the date of the deed above quoted, March 4, 1876, the reputed boundary line between Comanche and Eastland Counties was such as to throw the survey in question in Comanche instead of Eastland County, its true location. It was also shown by maps of what was formerly Milam Land District that the land in controversy was situated during the life of those maps in that district. It was further shown that Wash Tumlinson had, on September 19, 1857, conveyed away, by deed recorded in Comanche County, survey No. 50, so that Elizabeth Huffman had no interest in

that survey when she and her husband made the deed above quoted.   By "Abstract of Texas Land Titles," a printed volume published by Stephen Darden, Comptroller of Texas, as provided by Act of March 19, 1875, it was shown that the only Theresa Tyler surveys in Texas were in Eastland County, and not in Comanche.   This evidence was objected to, however, by interveners, but only upon the ground, as stated in the bill of exceptions, "that the said volume was not properly authenticated to be what it purported to be."

The only proposition submitted in the brief (proposition under third assignment) in effect is, that the printed abstract was inadmissible, because of the rule which requires testimony to be given under the sanction of an oath.   We hardly think this is the precise ground of objection stated in the bill, but if so, it was properly overruled.   Besides, the admission of this evidence would not necessitate a reversal of the judgment, in view of other evidence and of the fact that the case was tried without a jury.

We conclude from the facts above given that the court was justified in the conclusion that the warranty deed of Elizabeth Huffman and husband, made March 4, 1876, should be construed as intended by the makers to apply to the survey in which alone Elizabeth Huffman then had an interest, which is the survey in question.

This conclusion leads to an affirmance of the judgment.

*Affirmed.*

HUNTER, Associate Justice, did not sit in this case.

Writ of error refused.