## J. M. EDRINGTON ET AL. v. GEORGE H. HERMANN ET AL.

### No. 1256.   Decided December 17, 1903.

**1.—Sheriff's Sale—Description.**

Where property levied on and sold under execution is sufficiently described, the sale passes title to any part of it owned by defendant in execution, though there may have been a subdivision of the larger tract described into lots and blocks, if it is not in fact in a city. (P. 199.)

**2.—Same.**

A description of land as 1400 acres out of a league survey lying and situate at and upon the northeast corner of the league, and described in a recorded mortgage, is not, it seems, sufficient to authorize the surveying such quantity out of the named corner of the league in a square. (Pp. 199, 200.)

97 Supreme—13.

**3.—Same.**

It is questioned whether the rule prevailing in sectionized States, holding that a description of land as a given number of acres out of a named corner of the survey identifies the tract as one to be surveyed in a square out of such corner, applies in this State, where no uniform system of surveys prevails. (P. 199.)

**4.—Same.**

Description of land in sheriffs' sales should be such that at the time of the sale it should be within the power of all who are, by the notice, invited to become bidders to know what was offered for sale. (P. 200.)

**5.—Same—Fact Case.**

A sheriff's deed described the land conveyed as 1400 acres "lying and situate at and upon the northeast corner" of a certain league of land and being the same mentioned in a certain mortgage by the defendant in execution, which mortgage described the land incumbered in like manner; the mortgagor had previously subdivided his land into lots and blocks, selling a part thereof, and leaving only 600 acres belonging to him, none of which lay in the northeast corner of the league. Held, that the description in the sheriff's deed was insufficient to pass title to a tract of 84 acres belonging to the defendant in execution, though the same would be embraced in the limits of 1400 acres laid off in a square from the northeast corner. (Pp. 198-201.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Edrington and others, interveners in a suit by Austin against Hermann for the recovery of land, obtained writ of error on the affirmance on their appeal of a judgment by which the land was divided between plaintiff and defendant.

*H. H. Mac Nicoll,* for plaintiffs in error.—A description calling for 1400 acres at and upon the northeast corner of the John Austin grant, is certain on its face, and is construed in law to mean 1400 acres in a square in the northeast corner of the survey. Wingo v. Jones, 59 S. W. Rep., 916; American, etc., Co. v. Pace, 23 Texas Civ. App., 222; Day v. Needham, 2 Texas Civ. App., 680; Walsh's Lessee v. Ringer, 2 Ohio, 327; Smith v. Nelson, 19 S. W. Rep., 734; Lego v. Medley, 48 N. W. Rep., 375; Wilkinson v. Roper, 74 Ala., 140; Doe v. Clayton, 2 So. Rep., 31; Green v. Jordan, 3 So. Rep., 513; Turner v. Crane, 19 Texas Civ. App., 369.

A sheriff's deed conveying a certain and definite tract of land, passes to the grantee whatever title and interest the defendant in execution has in the tract described. Macmanus v. Orkney, 91 Texas, 27; Smith v. Crosby, 86 Texas, 20; Wingo v. Jones, 59 S. W. Rep., 916.

The presumption of law is, that the judgment rendered in cause No. 864, and subsequent sheriff's deed and judicial proceedings, was a foreclosure of the voluntary mortgage from Wm. T. Austin to Christopher H. Stearns. Pasch. Dig., p. 785, Act of February 5, 1840, art. 4675; Johnson v. Murphy, 17 Texas, 216.

The judgment, execution and sheriff's deed, all constituting the foreclosure of a voluntary mortgage or conveyance executed by Wm. T. Austin himself, and containing the same description of the property conveyed, have the same effect as a voluntary conveyance from Wm. T.

Austin himself, direct to the purchaser at the judicial sale, and the description therein will be so construed.

The mortgage, judgment, execution and deed, all being construed together as a voluntary conveyance of 1400 acres in the John Austin league, passed the title of the grantor to an undivided 1400 acres in the league, if the grantor had more than 1400 acres, and if he had less than 1400 acres, passed the title to all the lesser number of acres it is shown he did have. Wofford v. McKinna, 23 Texas, 45; Bartell v. Kelsey, 59 S. W. Rep., 631; Blackburn v. McDonald, 1 Posey, U. C., 358; Freeman on Cotenancy, sec. 96.

Extraneous or parol evidence is admissible to locate and identify land passing by a sheriff's deed, containing an accurate but general description.

A sheriff's deed containing a general description of the land conveyed, passes the title to the land described therein, if the extraneous evidence admitted identifies beyond a reasonable doubt the particular tract described. Hermann v. Likens, 90 Texas, 448; Wilson v. Smith, 50 Texas, 368; Smith v. Crosby, 86 Texas, 20; Pierson v. Sanger, 93 Texas, 160; Watson v. McClane, 18 Texas Civ. App., 212; Focke v. Garcia, 41 S. W. Rep., 187; Taffinder v. Merrill, 95 Texas, 95.

Where a sheriff's deed is not void on its face, the deed should not be excluded from the jury, but should go to them, along with the parol or extrinsic evidence, and the identity of the land is then a mixed question of law and fact, to be determined by the jury. Giddings v. Day, 84 Texas, 607; Kingston v. Pickins, 46 Texas, 101; Frisby v. Withers, 61 Texas, 134; Cox v. Hart, U. S. Sup. Ct. Rep., Book 36, p. 746.

The sheriff's deed conveyed all the title and interest the defendants in execution had, estimated to be 1400 acres, in the eastern or lower league of the John Austin grant. Macmanus v. Orkney, 91 Texas, 27; Cox v. Hart, U. S. Sup. Ct. Rep., Book 36, p. 746.

*Wm. T. Austin, E. P. Turner, J. B. Brockman,* and *Geo. H. Breaker,* for defendants in error.—The sheriff's deed is void by reason of the uncertainty of the description of the land therein conveyed, and the description should not be held in this case to mean a tract of 1400 acres to be laid out in a square form upon the north and east lines of the league and with the northeast corner of the league as its apex or base, there being no fixed rule of law to the effect that when a given acreage is called for to be taken out of the corner of a survey of land the acreage called for is to be laid out in a square form from the corner called for as its base, the law being that the sufficiency of description of land in a deed depends upon the facts and circumstances of each particular case, and the facts in this case not justifying the application of any such rule. Wofford v. McKinna, 23 Texas, 44; Norris v. Hunt, 51 Texas, 615; Mitchell v. Ireland, 54 Texas, 305; Donnebaum v. Tinsley, 54 Texas, 362; Wooters v. Arledge, 54 Texas, 396; Brown v. Chambers, 63 Texas, 131; Pfeiffer & Co. v. Lindsay, 66 Texas, 124;

Tram Lumber Co. v. Hancock, 70 Texas, 313; Smith v. Crosby, 4 Texas Civ. App., 251; Freeman on Ex., 2 ed., art. 281.

The levy upon and sale by the sheriff of a large tract or survey of land which has been subdivided into smaller tracts and out of which numerous sales have been previously made, is void and will not pass title to any of such smaller tracts or subdivisions or unsold portions owned by the defendant in execution at the time of such levy and sale. The description in a sheriff's levy and sale must be sufficiently definite to enable bidders to ascertain without unreasonable trouble and with reasonable certainty the precise tract of land to be sold, and no evidence will be heard in aid of a sheriff's deed to prove what land he intended to sell. The description must be such as to be certain in itself, or such that when applied to the ground the particular tract of land sold can be identified with reasonable certainty, and no presumption will be indulged as to what land was intended to be conveyed by the deed. Wofford v. McKinna, 23 Texas, 45; Brown v. Chambers, 63 Texas, 134; Dwyre v. Speer, 8 Texas Civ. App., 88; McKinzie v. Stafford, 8 Texas Civ. App., 121; Cook v. Oliver, Guardian, 83 Texas, 562; Mitchell v. Ireland, 54 Texas, 305; Donnebaum v. Tinsley, 54 Texas, 364; Wooters v. Arledge, 54 Texas, 396; Smith v. Crosby, 4 Texas Civ. App., 251; Smith v. Crosby, 86 Texas, 19; Basset v. Sherrod, 13 Texas Civ. App., 327; Hermann v. Likens, 90 Texas, 454; Beze v. Calvert, 2 Texas Civ. App., 202; 2 Devlin on Deeds, sec. 1432; Freeman on Ex., sec. 330; see also Freeman on Ex., 2 ed., sec. 281, p. 924, et seq., and authorities cited.

There can be no presumption of law in this case that the judgment, sheriff's deed and other proceedings in cause No. 864 referred to in appellant's proposition, was a foreclosure of the mortgage given by Wm. T. Austin to C. H. Stearns.

The mortgage, judgment, execution and deed will not be construed together as a voluntary conveyance of 1400 acres in the John Austin league, because the mortgage was not foreclosed by the judgment and was in no way connected with the suit in which the judgment was rendered, and can only be considered for the purpose of identifying the land described in the sheriff's deed.

While there is a presumption that some land or interest in land is conveyed by a deed between private parties, no such presumption exists in favor of a sheriff's deed; and if a sheriff's deed fails to give a description of the land it purports to convey which, with such extrinsic facts as are proper to be considered in connection therewith, fails to identify the land with reasonable certainty, the deed is void and no evidence will be heard to show what land the sheriff intended to convey. Wofford v. McKinna, 23 Texas, 45; Cook v. Oliver, Guardian, 83 Texas, 562; Wooters v. Arledge, 54 Texas, 397; Brown v. Chambers, 63 Texas, 135; Basset v. Sherrod, 13 Texas Civ. App., 327.

Extraneous evidence will not be admitted in aid of the description in a sheriff's deed futher than to identify and ascertain the particular

tract of land that the description in the deed applies to, and the extraneous facts admitted will be limited to the description contained in the deed and will not be extended so as to show what land the sheriff intended to sell.   Same authorities.

If the extraneous evidence admitted in support of a sheriff's deed containing a general but accurate description of a certain specific large tract of land which is conveyed by the deed, shows that said tract of land had been, previous to the sheriff's sale, subdivided into small tracts, and that numerous subdivisions and tracts have been previously sold out of said larger tract or survey described in the sheriff's deed, and that the defendant in execution does not own any such tract of land as would answer or conform to the description in the sheriff's deed, the fact that the evidence may show that the defendant in execution owned at the time of the sheriff's sale some small tract or tracts within the boundaries of the tract described in the sheriff's deed, or that he owned within such boundaries a tract of land of lesser acreage and of a totally different shape and dimensions from the tract described in the sheriff's sale, and it appearing that the sheriff's deed conflicts with other tracts or surveys that have been previously sold and not owned by the defendant in execution, such sheriff's deed will not pass title to the tract or tracts of land owned by the defendant in execution at the time of the sheriff's sale, and the deed will be held to be void for want of a proper and sufficient description of the land intended to be conveyed thereby.

The undisputed evidence in this case showed that when the description in the sheriff's deed is applied to the ground no such tract of land existed as called for in the deed, and that the deed was void for uncertainty of description, and it became a question of law for the court to decide, under the undisputed facts, as to whether the deed was a good deed or not; and it was the court's duty to instruct the jury to disregard the sheriff's deed; and the appellants, therefore, were not prejudiced by the court's action in ruling out the deed, inasmuch as the result would have been the same if the court had admitted the deed in evidence and then instructed the jury to disregard it and find against interveners.

The land having been sold for a grossly inadequate and mere nominal price, and the description of the property in the sheriff's deed being vague and uncertain when applied to the ground and facts with reference to the Germantown subdivision and previous sales made out of same, leaving it at least uncertain as to what particular land it was that the sheriff was selling, all of which was calculated to deter persons from bidding on the land, renders the sale absolutely null and void. Pfeiffer & Co. v. Lindsay, 66 Texas, 168; House v. Robertson, 89 Texas, 124; Nichols-Steuart v. Crosby, 87 Texas, 453; Weaver v. Nugent, 72 Texas, 279; Taul v. Wright, 45 Texas, 394; Kauffman & Runge v. Morriss, 60 Texas, 119; 2 Devlin on Deeds, sec. 733; 2 Freeman on Ex., sec. 309.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by E. A. Austin, one of the defendants in error, against George H. Hermann, to recover a tract of 84 acres of land, a part of the John Austin league in Harris County. Hermann disclaimed as to part of the land sued for and asserted title to the remainder. The plaintiffs in error, J. M. Edrington, W. H. Edrington, M. E. Suber and C. B. G. Counts, intervened, claiming all of the land against both plaintiff and defendant. The judgment of the District Court was against the interveners and in favor of plaintiff for part of the land and in favor of defendant for the remainder. On appeal by the interveners, this judgment was affirmed by the Court of Civil Appeals, and this writ of error was granted from the judgment of affirmance.

The interveners' title depended upon the validity of a sheriff's sale under execution against William T. Austin, deceased, under whom all the parties claimed. This sale was made in 1854 under execution in favor of Elam Stockbridge and Melinda G. Stockbridge, administrator and administratrix of the estate of C. H. Stearns, deceased, against William T. Austin and J. F. Edrington, and, in the proceedings, the land sold was described as "all the right, title, interest and claim of the said William T. Austin and J. F. Edrington in and to a certain tract or parcel of land comprising 1400 acres, lying and being situate at and upon the northeast corner of the league of land upon which the city of Houston is situated, which said league of land was originally granted to John Austin, and conveyed to said William T. Austin by William Pierpont and his wife E. E. Pierpont, which said Elizabeth E. Pierpont was the widow of said John Austin, and which land is the same mentioned in a certain deed of mortgage from William T. Austin to Christopher H. Stearns, recorded on Harris County of deeds, book R, pages 139 and 140." The mortgage referred to in this description described the property as follows: "A certain piece, parcel or tract of land comprising 1400 acres lying and situate at and upon the northeast corner of the league of land upon which the city of Houston is situated, which said league of land was originally granted to my brother, John Austin, and belongs to me by virtue of a certain deed from William Pierpont and his wife Elizabeth E. Pierpont. The said Elizabeth E. was the widow of John Austin, dec'd." The conveyance referred to from Pierpont and wife to W. T. Austin, was of all their right, title and interest in the league.

After the last named conveyance and before the mortgage to Stearns was given, a subdivision and plat had been made of the northeast quarter of the league into blocks, which subdivision was designated "Germantown;" and W. T. Austin had executed conveyances of some of such blocks, and his ownership in the league was reduced to less than 600 acres in distinct parcels, none of which was in the northeast corner. One of such parcels was in the 84 acres in controversy, lying some distance from the corner, but which would be embraced in a square survey

of 1400 acres having the northeast corner for its beginning point and the northern and eastern lines of the league as two of its sides.

The judgments below against interveners resulted from the opinions of the trial judge and of the Court of Civil Appeals that the sheriff's sale was void, on account of the uncertainty of the description given of the land sold, and further examination of the subject has led us to the conclusion that this is true. This court is not, however, prepared to assent to the view expressed by the Court of Civil Appeals, that such a description as that in question of a tract of land of a given quantity as lying in a corner of a larger tract authorizes the laying of it off in a square, but that this particular sale is void because such description does not, owing to the peculiar situation, indicate with sufficient certainty the land which the defendant in execution owned. If the 1400-acre tract was sufficiently described, it would seem to follow, from the decision of this court in Smith v. Crosby, 86 Texas, 22, that the sale would pass title to any less quantity owned by the defendant and embraced within the tract described. The controlling question under that decision is, was the tract offered for sale sufficiently described? If so, the sale passed title to any part of it which belonged to the defendant. Some exceptions to this rule may exist, as where a town or city is located on the tract described in which the defendant in execution owns lots or blocks. But we are not prepared to hold that a mere subdivision by plat into lots and blocks, when there is in fact no town or city, would prevent the application of the rule laid down in the case referred to. A definite decision upon this feature of the case is unnecessary, since we are of the opinion that no description of the 1400 acres sufficient under the facts shown to pass title was given by the sheriff. The land is referred to as a certain tract or parcel of land comprising 1400 acres lying, being and situate at and upon the given corner, and not as 1400 acres to be taken or surveyed out of the league in that corner. It would doubtless have been competent for the sheriff to so describe the land to be sold as to authorize the specified quantity to be taken out of that corner in a square, or such other figure as he chose to designate. Many authorities are cited from other States, where lands are divided by law into square sections which are, in turn, subdivided into smaller squares, holding that calls in the deed for so many acres in or out of a certain corner means, in law, that the quantity is to be surveyed in a square from the corner as a base. Walsh v. Ringer, 2 Ohio, 328; Bowers v. Chambers, 53 Miss., 880; Wilkinson v. Roper, 74 Ala., 140; Doe v. Clayton, 2 So. Rep. (Ala.), 31; Lego v. Medley, 48 N. W. Rep. (Wis.), 335; Smith v. Nelson, 19 S. W. Rep. (Mo.), 734; Richey v. Sinclair, 47 N. E. Rep. (Ill.), 364. Other authorities to a somewhat different proposition are: Goodbar v. Dunn, 61 Miss., 618; Gress Lumber Co. v. Coody, 74 Ga., 519; Pry v. Pry, 109 Ill., 466; Douglass v. McCoy, 5 Ohio, 522; Ray v. Pease, 95 Ga., 151; Turner v. Crane, 19 Texas Civ. App., 369.

Whether or not this doctrine is to be applied to sheriff's and other

involuntary sales in this State, where the original surveys are not constructed or subdivided upon any uniform plan, has not, so far as we are now advised, been decided by this court, and we find it unnecessary to decide it now. It has been applied in some cases by the courts of civil appeals. Wingo v. Jones, 59 S. W. Rep., 916; Day v. Nedham, 2 Texas Civ. App., 680. The reason why we regard this doctrine as inapplicable here is that, as before indicated, the sheriff, by his description, did not pursue the method thus pointed out of designating the land to be sold. He described that upon which he levied as a certain tract or parcel, covered by a certain mortgage and containing so many acres, and not as a given quantity to be taken out of the league at the named corner; nor did he use any language appropriate to express that idea. From such a description, it was impossible for persons desiring to purchase to see that the tract referred to was to be in a square. To illustrate this, let us suppose that Austin had owned in that corner of the league only a tract of 1400 acres which was not square. Would it not be evident, under the decisions in Hermann v. Likens, 90 Texas, 448, and Pierson v. Sanger, 93 Texas, 160, that the mortgage would have applied, and that the execution sale would therefore have passed title, to the tract thus actually owned? We think this can only be answered in the affirmative. The real question therefore is, whether or not a designation of land in such a proceeding appropriate to a specific, segregated parcel, can be applied, when it is found that the defendant in error did not own such a tract, so as to authorize the laying off of the given quantity so as to include such land as the defendant did own? We think not, for the reason that such a description would lack the certainty required by all of the opinions of this court. Under the principles laid down in those opinions, the mere fact that a description left it uncertain whether the land to be sold had already been separated from the larger tract of which it was originally a part or was still to be ascertained by further action, would, because of the uncertainty, be fatal to the sale. In the latest case in which there has been an elaborate discussion of the sufficiency of descriptions in sales, this principle was reannounced: "In these sales the policy of the law requires, not that there should exist the means of showing at some future time what is otherwise indefinite and uncertain, but that, at the time of the sale, it should be within the power of all who are by the notice invited to become bidders to know what was offered, and that it should not be left to be surmised or guessed, at some future time, as to what the officer intended to sell." Hermann v. Likens, supra. In that case the court found enough in the record of the probate proceedings to meet this requirement and to pass, under a general description, the title to a particular tract owned by the estate. It would be inconsistent with the whole theory of that decision to hold, that, when a like attempt, such as that here in question, to designate by general description a specific tract, fails because no such tract was owned by the defendant in execution, the same description may be differently applied so as to sep-

arate from a league a less quantity, not previously segregated, and the chief portion of which is not owned by the defendant in execution, merely for the purpose of including within the boundaries so ascertained a small portion which, it is now found, would have been subject to the writ.

We therefore conclude that the sheriff's sale was void, because, first, there was no specific tract to which the description could apply; and second, the terms used by the sheriff did not authorize purchasers, and do not authorize the court, to assume that the quantity specified was to be laid off in a square or in any other shape. Wooters v. Arledge, 54 Texas, 396. The judgment must therefore be affirmed.

*Affirmed.*