**CONTINENTAL SUPPLY CO. v. MISSOURI, K. & T. RY. CO. et al. (No. 467–4006.)**

(Commission of Appeals of Texas, Section B. March 24, 1925.)

**1. Evidence ⬥➾460(7)—Extrinsic evidence not admissible to aid description in deed, in absence of general yet accurate designation of land.**

Extrinsic evidence is not admissible to aid description of property in deed, in absence of a general, yet accurate, designation of the land, in view of Rev. St. art. 3965.

**2. Railroads ⬥➾192—Deed held insufficient to convey property because of fatally deficient description.**

Deed from United States marshal, purporting to convey realty of railroad which had been seized, describing it as "120 acres out of the W. A. Rhoads survey, abstract No. 58, and survey No. 84," *held* insufficient to convey property, because of fatally defective description.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

On motion for rehearing. Motion overruled.

For original opinion, see 268 S. W. 444, which affirmed 250 S. W. 1095.

Butts & Wright, of Cisco, for plaintiff in error.

Chas. C. Huff, of Dallas, and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for defendants in error.

SHORT, J. We have carefully considered the plaintiff's motion for rehearing filed in this cause in connection with the oral argument, and are constrained to the opinion that the motion should be overruled, and that the former opinion heretofore rendered by Judge Hamilton correctly decides the questions involved.

Whatever may be the correct rule, as to voluntary and involuntary conveyances of real estate with reference to the sufficiency of the descriptions therein, and without reference to whether the Supreme Court of this state has in fact determined that the same rule applies to voluntary and involuntary conveyances of real estate, we think that the description in the deed, executed by the United States marshal under all the decisions applicable to this question, is not legally sufficient to identify the land and convey it. The most recent declaration of an appellate court in Texas on this subject is to be found in the case of McElroy v. Danciger, opinion by Chief Justice Huff of the Amarillo Court of Civil Appeals, 241 S. W. 1098, in which the following language may be found:

"The office of a description in a deed or contract is not to identify it but furnish means of identification. A deed is not void for un-

certainty, unless on its face the description cannot, by extrinsic evidence, be made to apply to any definite land. A very short description in the instrument may be sufficient to furnish the means of identification."

[1] Several authorities are cited in support of the text, none of which, however, upon examination will be found to support the contention of plaintiff in error that the description of the land in the deed under discussion is such as to admit extrinsic evidence in aid thereof. In the absence of a general yet accurate designation of the land given in the deed, extrinsic evidence is not admissible to aid the description for the reason that to admit such character of evidence would be to make that character of evidence operative as a conveyance and nullify the plain provision of our statute of frauds which requires a contract for the sale of real estate to be in writing. Article 3965, tit. 62, Revised Civil Statutes. Wofford v. McKinna, 23 Tex. 37, 76 Am. Dec. 53; Wooters v. Arledge, 54 Tex. 397; Pfeiffer v. Lindsay, 66 Tex. 124, 1 S. W. 269; Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724; Smith v. Crosby, 86 Tex. 15, 23 S. W. 10, 40 Am. St. Rep. 818; Harris v. Shafer, 86 Tex. 314, 23 S. W. 979, 24 S. W. 263; Edrington v. Hermann, 97 Tex. 193, 77 S. W. 408.

In Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724, the court said:

"A deed purporting to convey land which describes it only by quantity, and as being part of a larger tract, with nothing whereby to identify what specific portion of the larger tract is intended to be conveyed, is void for uncertainty of description in a tax title."

[2] The marshal's return on the execution describing the land, which is also the description given in the deed, is "also the following described property situated in the county of Eastland and state of Texas, to wit: 120 acres out of the W. A. Rhoads survey, abstract No. 58, and survey No. 84." It is clearly evident that this description is not a general and yet an accurate one of the 120 acres of land. No one from reading it could tell what was the shape of the 120 acres mentioned, nor in what part of the Rhoads survey it was situated, and the public could not be informed as to what particular tract was offered to the purchasers nor what particular portion of the Rhoads survey a purchaser of the 120 acres of land would get. To uphold such a description in a deed would destroy the policy of the law which encourages bidders at public sales to offer the best prices. No bidder at this sale could definitely know from the description given what he was buying. No purchaser under such a sale could enforce specific performance. Watson v. Baker, 71 Tex. 739, 9 S. W. 867. Whatever may have been the rule

as applicable to the numerous cases cited in the brief of plaintiff in error, we think that, under the general rule applicable to the facts in this case, the deed offered in evidence is insufficient to convey the property on account of a fatally defective description.

Plaintiff in error in its motion for rehearing insists also that the Court of Civil Appeals did not find, as a fact, that the property here involved, or any part thereof, was ever used for or that it ever in any way pertained to the operation of the railroad. We do not so understand the opinion of the Court of Civil Appeals. 250 S. W. 1095. A reading of that opinion will disclose the fact that while the opinion does not in so many words find as a fact that the property here involved was used for and pertained to the operation of the railroad, yet no other logical conclusion can be reached from the recitation of the situation detailed in that opinion than that the court did find as a fact that the property here involved was used for and pertained to the operation of the railroad. This fact having been found by the Court of Civil Appeals, this court is compelled to give effect to the deed under which the defendants in error hold, and further discussion of this subject would be superfluous as the decree under which the defendants claim the property involved recites the fact that all property was intended to be sold which was used for or pertained to the operation of the railroad, whose property was sold and purchased by the defendants in error.

These are the only questions urged in the motion for rehearing, and, being unable to agree with the contention of the plaintiff in error upon either of them, it necessarily follows that we think the motion for rehearing should be overruled, and we so recommend.