## GRAHAM NAT. BANK v. COUGER et al.[*]
### (No. 11551.)

(Court of Civil Appeals of Texas. Fort Worth. May 1, 1926. Rehearing Denied June 5, 1926.)

**1. Mortgages ⬩48(1).**

Recorded mortgage, describing land as specified acreage out of specified sections and surveys, *held* insufficient to constitute constructive notice as against subsequent mortgagee.

**2. Mortgages ⬩155.**

Holder of mortgage given to secure pre-existing debt *held* entitled to attack prior mortgage containing insufficient description, as pre-existing debt constitutes valuable consideration under Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—25 to 6001—27.

On Motion for Rehearing.

**3. Frauds, statute of ⬩110(1)—Presumption that mortgagor intended to convey only such land as he owned does not render mortgage curing insufficient description constructive notice.**

Presumption that mortgagor intended to convey only such land as he owned is not sufficient to render mortgage containing insufficient description constructive notice to subsequent mortgagee, especially in view of statute of frauds requiring conveyance to be in writing.

---

**4. Mortgages ⟨⟩48(1).**

Rule that conveyance of land specifically described will pass title to any interest of grantor in tract *held* inapplicable to uphold mortgage in which land was insufficiently described.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by J. K. P. Hughes against John Couger, the Graham National Bank, and others to foreclose mortgage lien. From the judgment declaring plaintiff's lien superior to those held by other defendants, the defendant last named appeals. Reversed and rendered in part.

Marshall & King, of Graham, for appellant.
C. W. Johnson, Jr., of Graham, for appellees.

DUNKLIN, J. J. K. P. Hughes recovered a judgment against John Couger on a promissory note with a foreclosure of a mortgage lien on certain land hereinafter described, and which lien was declared to be superior to the liens claimed by several other parties made defendants to the suit, including the Graham National Bank. None of the parties have appealed from that judgment except the Graham National Bank, who was decreed a foreclosure of two mortgages executed by John Couger to the plaintiff.

The appellant bank insists that the mortgage in favor of plaintiff Hughes was void, for lack of a sufficient description of the property covered by it, and that therefore the bank's lien took precedence over it although of a later date and after the filing and recording of plaintiff's mortgage in the mortgage records of the county where the land was situated. Whether or not plaintiff's mortgage was void as against that held by the Graham National Bank, by reason of the alleged insufficiency of the description of the property covered, is the principal question presented for our determination.

[1] The property covered by plaintiff's mortgage was described as follows:

"135½ acres out of section No. 2, D. S. E. Ry. Co. survey, abstract No. 281, 160 acres out of section No. 6, A. B. & M. survey, abstract No. 416. 320 acres survey No. 5, patent No. 440, volume 21."

That mortgage was dated May 5, 1920, and was filed and recorded in the office of the county clerk of Stephens county on September 30, 1920.

Plaintiff was given a foreclosure of his mortgage lien upon the property described in the judgment as follows:

"Situated in Stephens and Palo Pinto counties, Texas, which is described as follows, to wit:

"First tract: 135½ acres of land, more or less known as the middle part of section No. 2, certificate 281, D. & S. E. Ry. Company, about 20 miles north, 65 degrees east of Breckenridge, abstract No. 2710, fully described in patent dated the 4th day of February, 1921, recorded in volume C, page 163, of the patent records of Stephens county, Texas, to which reference is thereto made for a full and complete and better description thereof.

"Second tract: The northeast ¼ of section No. 6, certificate 416, A. B. & M. Company survey of 160 acres, more or less, described in the award to John Couger in volume 2, page 59, of the classification records of Stephens county, Texas, to which reference is made for a more complete and better description of said survey. That on the 5th day of May, 1920, the date of said deed of trust from the defendant John Couger to B. W. King, trustee, for plaintiff herein, that said northeast ¼ of section No. 6 A. B. & M. Company survey, certificate No. 416, was the only part of said section No. 6, A. B. & M. Company survey, that John Couger and wife, Breckie E. Couger, owned.

"Third tract: The west 320 acres of section No. 5, A. B. & M. Company survey, patent No. 440, volume 21, patent dated Oct. 23, 1855. That said west 320 acres was the only part of said A. B. & M. Company survey. section No. 5, abst. No. 13, patent No. 440, vol. 21, that the defendant John Couger and wife, Breckie E. Couger, owned on the 5th day of May, 1920, and that said above described 320 acres out of said survey is the only part of said survey that the defendants John Couger and wife, Breckie E. Couger, now own. This tract is mostly in Stephens county, Texas, but part of same is in Palo Pinto county, Texas."

The description of the property in the decree of foreclosure shown above was the same as that contained in plaintiff's petition, which plaintiff alleged was the correct description of the property that the parties to the deed of trust executed in plaintiff's favor by John Couger and wife, Breckie Couger, and intended should be covered by and described in said instrument, and that the failure to so describe the property in the deed of trust was the result of mutual mistake of all parties to that instrument. Upon the trial, parol testimony was introduced which fully supported those allegations of mutual mistake and intention of the parties to the mortgage. The testimony also supports the recitals in the judgment that the northeast quarter of section No. 6, certificate 416, A. B. & M. Company survey, was the only part of said section owned by John Couger and wife, Breckie E. Couger, on the 5th day of May, 1920, when they executed the mortgage, and that the west 320 acres of section 5, A. B. & M. Company survey, patent 440, volume 21, was the only part of said survey which John Couger and wife owned on the 5th day of May, 1920, when they executed the mortgage to plaintiff.

The uncontroverted testimony was to the effect that the Graham National Bank had no actual notice of plaintiff's mortgage at the time it took its mortgage, and whether or not the record of plaintiff's mortgage was con-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

structive notice of the alleged lien on the property described in the decree of foreclosure is the controlling issue.

As shown by bills of exception in the record, appellant duly objected to all testimony offered to show the mutual mistake of the parties in the description of the property as contained in the mortgage and their intention that the mortgage should cover the property as described in the decree of foreclosure.

In Norris v. Hunt, 51 Tex. 609, the following was said:

"We are of opinion that the ambiguity in the description of the land in the deed under consideration is patent, and of such character as to render it void for uncertainty. It purports to convey all the interest of J. M. Norris in 'six hundred and forty acres of land situated in the said county of Burleson, and being part of the league of land originally granted to L. Dickerson.' "

And in the opinion the court further said:

"The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty. To hold otherwise would defeat the wise intention and object of the statute, by permitting to rest in parol extrinsic testimony, that which should have been embraced in the written instrument. Johnson v. Granger [51 Tex. 42] supra, and authorities there cited."

In Pfeiffer v. Lindsay, 66 Tex. 123, 1 S. W. 264, a deed was held void by reason of the insufficiency of the description of the land attempted to be conveyed, the description being:

"Fifty acres [of land out] of the J. M. Moss survey, situated in Montague county, Texas, abstract No. 462, situated near the town of Burlington, in Montague county, Texas."

In Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724, a tax deed was declared void for insufficient description of the property attempted to be conveyed. The description in the deed was as follows:

"Thirty-seven hundred and eighty-eight acres of the Martin Flores league."

In Continental Supply Co. v. M., K. & T. Ry. Co., 268 S. W. 444, in an opinion by the Commission of Appeals, a deed by a United States marshal describing the property conveyed as "120 acres out of the W. A. Rhoades survey, abstract No. 858, and survey No. 84, situated in Eastland county, Texas," was void for lack of sufficient description, and in the opinion in that case the following was said:

"Where the land is a part of the larger tract, the deed conveying the included tract or the judgment, the levy, or the probate proceedings offered in evidence, and to which the court may legally look, must contain a general description of the land embraced in the larger tract, in addition to the description of the inclosing tract—a starting point, a datum, referring to the included tract from which it may be traced by extrinsic facts to its location and be found. The general description may be only the name of the owner, * * * or some such fact. But there must be a nucleus of description of the inclosed tract, around which extrinsic facts may be gathered from oral evidence such as locate the land. There must be something in the description to which oral evidence may be tied. Without such datum to begin with, proof of extrinsic facts is inadmissible. In the absence of such general though inaccurate description of the inclosed tract, to permit oral proof of location would be to pass the title to land by parol in violation of the statute. There is no sort of description, designation, or reference to the 120 acres claimed under the deed in this case, except that it is 'out of' the larger tract. The return on the execution does not purport to show that the marshal seized or levied on 120 acres owned by the Houston & Texas Central Railway Company in the Rhoades survey, or any interest of the railway company at all in the Rhoades survey. The deed does not say that the land or any interest in it is owned by the railway company. There is nothing in the description of the 120 acres on which to base proof of extrinsic facts in an effort to locate the land.

"This distinction is recognized in all the cases, including the case of McCardell v. Lea, 111 Tex. 380, 235 S. W. 518. In that case, Judge Greenwood said:

" 'These proceedings disclose, not an order for the sale of an undefined portion of a larger tract of land, but an order for the sale of the land not previously disposed of and still belonging to the estate of James Davis in the J. D. Martinez league 6 and 9, in Liberty county, west of the Trinity river, estimated at 2,739 acres.' "

In the opinion in that case, the authorities bearing upon the question are reviewed and discussed. On motion for rehearing in the same case another opinion was written adhering to the conclusions reached upon original hearing, as shown in 269 S. W. 1040, and in that opinion the following was said:

"In the absence of a general yet accurate designation of the land given in the deed, extrinsic evidence is not admissible to aid the description for the reason that to admit such character of evidence would be to make that character of evidence operative as a conveyance and nullify the plain provision of our statute of frauds which requires a contract for the sale of real estate to be in writing. Article 3965, tit. 62, Revised Civil Statutes. Wofford v. McKinna, 23 Tex. 37, 76 Am. Dec. 53; Wooters v. Arledge, 54 Tex. 397; Pfeiffer v. Lindsay, 66 Tex. 124, 1 S. W. 269; Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724; Smith v. Crosby, 86 Tex. 15, 23 S. W. 10, 40 Am. St. Rep. 818; Harris v. Shafer, 86 Tex. 314, 23 S. W. 979, 24 S. W. 263; Edrington v. Hermann, 97 Tex. 193, 77 S. W. 408."

We shall not attempt to discuss the numerous authorities cited in the able brief filed by counsel for the appellees, since we believe that the decisions noted above, and especially

the recent decision of the Commission of Appeals, in which the authorities are extensively reviewed, should control our decision in this case, because the same are directly in point as we construe them. And in this connection it is to be noted that the descriptions given in plaintiff's mortgage do not contain any statement that the property was owned by Couger, the mortgagor, nor any other information which would make parol testimony admissible to identify the property, according to the rule laid down by our Supreme Court in the Continental Supply Co. v. Railway Co. Case. Accordingly, we conclude that, as against the Graham National Bank, the mortgage in favor of plaintiff J. K. P. Hughes was void for insufficient description of the land in controversy, that the recording of the same was not constructive notice to the bank, and that therefore the bank's mortgage lien was superior to that of the plaintiff Hughes.

[2] The record shows that the mortgage in favor of the bank was given to secure a pre-existing debt, and, by reason of that fact, appellee insists that the bank was not in the position of an innocent purchaser of the property for valuable consideration. The rule invoked by that contention is not applicable, in view of the fact that the mortgage then held by the plaintiff Hughes was void as to the bank; and for the further reason that under the provisions of the negotiable instrument statute the pre-existing debt constitutes a valuable consideration. V. S. Civ. Statutes, Supp. 1922, arts. 6001—25, 6001—26, 6001—27.

In the judgment rendered by the trial court the plaintiff Hughes was given a first lien up-.on the property above described and appellant was given a second lien. Both of those liens were made superior to other liens of all other parties.

For the reasons noted, the judgment of the trial court decreeing that the lien of appellee Hughes was superior to that of appellant Graham National Bank is reversed, and judgment is here rendered decreeing that appellant's mortgage lien upon the land above described is prior and superior to the alleged lien of appellee upon the same property; and the judgment of the trial court will be so reformed as to make this decree effective. In all other respects the judgment of the trial court is left undisturbed.

### On Motion for Rehearing.

[3] Appellee insists with much earnestness that the presumption that the mortgagor intended to convey only such land as he owned, coupled with his warranty of title, was sufficient to constitute constructive notice to appellant of appellee's prior mortgage, and that therefore appellee's mortgage should be held to be superior to that in favor of appellant. Authorities are cited to sustain that contention, such as Waterhouse v. Gallup (Tex. Civ. App.) 178 S. W. 773; Huffman v. Eastham, 19 Tex. Civ. App. 227, 47 S. W. 35; 18 Corpus Juris, 243, p. 278. Those authorities are, essentially, to the effect that if, by deed, the grantor conveys all his interest in a certain survey or tract, which is definitely identified in the deed, or which can be identified by aid of extrinsic evidence applied to data given therein, such as indicated in the case of Continental Supply Co. v. M., K. & T. Ry Co. (Tex. Com. App.) 268 S. W. 444, cited in our opinion on original hearing, then the deed is not void for lack of sufficient description. The cases of Waterhouse v. Gallup, and Huffman v. Eastham, cited above, are clearly distinguishable from the case at bar, in that the surveys or tracts out of which conveyances of the interests of the grantors were made were sufficiently described in the deeds, under that rule. Manifestly, the requirements of the statute of frauds that a conveyance of land must be in writing cannot be avoided by indulging a presumption that the grantor intended to convey a certain tract or parcel, but which was not sufficiently described in the deed, or by reason of the fact that the deed contained a warranty of title. To hold otherwise would defeat the plain purpose and language of the statute of frauds and render it ineffective. And in Hermann v. Likens, 90 Tex. 448, 39 S. W. 282, the following was quoted with approval and followed from White v. Luning, 93 U. S. 514, 23 L. Ed. 938, to wit:

"In regard, however, to the description of the property conveyed, the rules are the same, whether the deed be made by a party in his own right, or by an officer of the court."

To the same effect are other decisions cited in Hermann v. Likens. See, also, Mackechney v. Temple Lumber Co. (Tex. Civ. App.) 197 S. W. 744.

[4] Appellee invokes another rule of decision, to the effect that a conveyance of a tract of land, which is specifically described in the deed, will operate to pass title to any interest the grantor may own in the tract, even though the same be less than the whole tract. But that rule has no application, since it cannot be said that the description is void for uncertainty, the effect of the rule being that the deed to the whole conveys title to each and every part to which the grantor holds title.

The motion for rehearing is overruled.