**HUGHES v. GRAHAM NAT. BANK et al.
(No. 732–4666.)**

(Commission of Appeals of Texas, Section B.
Jan. 19, 1927.)

Mortgages ⟨⟩154(2)—Recital that mortgage is subject to existing liens put mortgagee on notice, and authorized extrinsic evidence respecting description in prior recorded mortgage.

Recital in mortgage that "this deed of trust is given subject to all existing liens on said land," *held* sufficient to put mortgagee on notice that prior liens probably existed and served as starting point required to authorize admission of extrinsic evidence to show land was subject to prior recorded mortgage describing land as specified acreage out of specified sections and surveys.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by J. K. P. Hughes against John Couger, the Graham National Bank, and others to foreclose a mortgage lien. Judgment of the district court declaring plaintiff's lien superior to that of Graham National Bank was reversed by the Court of Civil Appeals (286 S. W. 657), and judgment rendered, and plaintiff brings error. Reversed, and judgment of the district court affirmed.

C. W. Johnson, Jr., of Graham, for plaintiff in error.

Marshall & King, of Graham, for defendants in error.

POWELL, P. J. The Court of Civil Appeals admirably states the nature and result of this case in the trial court as follows:

"J. K. P. Hughes recovered a judgment against John Couger on a promissory note with a foreclosure of a mortgage lien on certain land hereinafter described, and which lien was declared to be superior to the liens claimed by several other parties made defendants to the suit, including the Graham National Bank. None of the parties have appealed from that judgment, except the Graham National Bank, who was decreed a foreclosure of two mortgages executed by John Couger of a later date than that of the mortgage given by Couger to the plaintiff.

"The appellant bank insists that the mortgage in favor of plaintiff, Hughes, was void for lack of a sufficient description of the property covered by it, and that therefore the bank's lien took precedence over it, although of a later date, and after the filing and recording of plaintiff's mortgage in the mortgage records of the county where the land was situated. Whether or not plaintiff's mortgage was void as against that held by the Graham National Bank, by reason of the alleged insufficiency of the description of the property covered, is the principal question presented for our determination.

"The property covered by plaintiff's mortgage was described as follows:

" '135½ acres out of section No. 2, D. S. E. Ry. Co. survey, abstract No. 281.

" '160 acres out of section No. 6, A. B. & M. survey, abstract No. 416.

" '320-acre survey No. 5, patent No. 440, vol. 21.'

"That mortgage was dated May 5, 1920, and was filed and recorded in the office of the county clerk of Stephens county on September 30, 1920.

"Plaintiff was given a foreclosure of his mortgage lien upon the property described in the judgment as follows:

" 'Situated in Stephens and Palo Pinto counties, Tex., which is described as follows, to wit:

" 'First tract: 135½ acres of land more or less, known as the middle part of section No. 2, certificate 281, D. & S. E. Ry. Company, about 20 miles north, 65 degrees east of Breckenridge, abstract No. 2710, fully described in patent dated the 4th day of February, 1921, recorded in volume C, page 163, of the Patent Records of Stephens county, Tex., to which reference is thereto made for a full and complete and better description thereof.

" 'Second tract: The northeast ¼ of section No. 6, certificate 416, A. B. & M. Company survey of 160 acres more or less, described in the award to John Couger in volume 2, page 59, of the Classification Records of Stephens county, Texas, to which reference is made for a more complete and better description of said survey.

" 'That on the 5th day of May, 1920, the date of said deed of trust from the defendant John Couger to B. W. King, trustee, for plaintiff herein, said northeast ¼ of section No. 6 A. B. & M. Company survey, certificate No. 416, was the only part of said section No. 6, A. B. & M. Company survey that John Couger and wife, Breckie E. Couger, owned.

" 'Third tract: The west 320 acres of section No. 5, A. B. & M. Company survey, patent No. 440, volume 21, patent dated Oct. 23, 1855. That said west 320 acres was the only part of said A. B. & M. Company survey, section No. 5, abst. No. 13, patent No. 440, vol. 21, that the defendant John Couger and wife, Breckie E. Couger, owned on the 5th day of May, 1920, and that said above-described 320 acres out of said survey is the only part of said survey that the defendants John Couger and wife, Breckie E. Couger, now own. This tract is mostly in Stephens county, Tex., but part of same is in Palo Pinto county, Tex.'

"The description of the property in the decree of foreclosure shown above was the same as that contained in plaintiff's petition, which plaintiff alleged was the correct description of the property that the parties to the deed of trust executed in plaintiff's favor by John Couger and wife, Breckie Couger, intended should be covered by and described in said instrument, and that the failure to so describe the property in the deed of trust was the result of mutual mistake of all parties to that instrument. Upon the trial, parol testimony was introduced which fully supported those allegations of mutual mistake and intention of the parties to the mortgage. The testimony also supports the recitals in the judgment that

the northeast quarter of section No. 6, certificate 416, A. B. & M. Company survey, was the only part of said section owned by John Couger and wife, Breckie E. Couger, on the 5th day of May, 1920, when they executed the mortgage, and that the west 320 acres of section 5, A. B. & M. Company survey, patent 440, volume 21, was the only part of said survey which John Couger and wife owned on the 5th day of May, 1920, when they executed the mortgage to plaintiff.

"The uncontroverted testimony was to the effect that the Graham National Bank had no actual notice of plaintiff's mortgage at the time it took its mortgage, and whether or not the record of plaintiff's mortgage was constructive notice of the alleged lien on the property described in the decree of foreclosure is the controlling issue.

"As shown by bills of exception in the record, appellant duly objected to all testimony offered to show the mutual mistake of the parties in the description of the property as contained in the mortgage and their intention that the mortgage should cover the property as described in the decree of foreclosure."

The Court of Civil Appeals entered the following order in the case (286 S. W. 657):

"For the reasons noted, the judgment of the trial court decreeing that the lien of appellee Hughes was superior to that of appellant Graham National Bank is reversed, and judgment is here rendered decreeing that appellant's mortgage lien upon the land above described is prior and superior to the alleged lien of appellee upon the same property; and the judgment of the trial court will be so reformed as to make this decree effective. In all other respects the judgment of the trial court is left undisturbed."

There is but one issue before us in this case. The trial court found that, as between the parties to the deed of trust from Couger to Hughes, there was in fact a mutual mistake in the description contained in the mortgage. Reformation was decreed, and all the parties to that deed of trust accepted that judgment. Couger did not appeal therefrom. Consequently, but for the rights of the mortgagee bank, which we shall hereafter discuss, the reformation of the deed of trust is final and effective.

We now come to the one issue here, and that is the alleged priority of the bank's deed of trust herein to that of Hughes. The bank was charged with constructive notice of the recorded deed of trust from Couger to Hughes, and with actual notice of the contents of its own deed of trust. The Court of Civil Appeals seems to have left out of its consideration the terms of the latter mortgage. But it is proper to consider the terms of the bank's mortgage which was expressive of Couger's intention, and was in writing. See Continental Supply Co. v. Railway Co. (Tex. Com. App.) 268 S. W. 444; Id. (Tex. Com. App.) 269 S. W. 1040; Wyatt Hanks v. George Hamman

et al. (Tex. Com. App.) 288 S. W. 143. If any statement in the deed of trust to the bank, showing Couger's intention in executing the deed of trust to Hughes, can serve as a beginning point in the location and proper description of the land really intended to be described in the Hughes mortgage, it will suffice as a ground for reformation. The deed of trust to the bank included this language:

"This deed of trust is given subject to all existing liens on said land."

We think this language was sufficient to put the bank on notice that prior liens probably did exist on this very land, and that the grantor (Couger) in its deed of trust (where the land was correctly described) had intended in other mortgages to convey this same land; that such notice required the bank to investigate the records for other and prior liens; that such an investigation would have shown the Hughes deed of trust; that the description in this latter mortgage was so similar to that in the bank's later mortgage that the bank must have known that the land described in its mortgage was really the same as in the Hughes deed of trust. It seems to us that this last conclusion is inescapable. Consequently, we have here an instrument in writing, containing a statement within and as a part of itself, which statement serves as a starting point which would properly lead to a reformation of the Hughes deed of trust. Parol or extrinsic evidence is admissible under such conditions, since the written statement of Couger, showing such an intention, could serve as a starting point for further investigation. See Supply Company v. Railway Company, supra. Therefore the bank took its mortgage with notice. It was put upon inquiry, and such an inquiry would have shown that it was taking a lien on property which Couger had intended to mortgage to another in a prior instrument. We think the Court of Civil Appeals erred in modifying the judgment of the trial court in the one respect as it did.

Plaintiff in error further contended that the bank could not, under any circumstances, be an innocent purchaser for value because the deed of trust was given for a pre-existing debt. It is unnecessary for us to pass upon this contention, and we do not do so. What we have already said disposes of the case, and establishes the priority of the Hughes lien over that of the mortgagee bank.

For the one reason stated, we recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.