JAMES T. BROWN v. R. LUCRETIA RENFRO ET AL.

(Case No. 5128.)

1. PARTITION — LEVY AND SALE.— One's interest in land pending proceedings by or against him for partition thereof, or while the same is being partitioned, is subject to levy and sale to satisfy a judgment against him.
2. SAME.— Even if the levy and sale be made to satisfy costs incurred and due officers of the court in a suit regarding the property and pending the litigation, the land may be seized and sold. The policy of permitting executions to issue pending suits for officers' costs, thereby enabling them to seize and sell the subject-matter of litigation, is of legislative origin, which the courts cannot change and the consequences of which they cannot prevent.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

This is the second appeal (see Brown v. Renfro, 57 Tex., 327, for statement, etc.).

After the case was remanded the following proceedings were had, to wit:

Before the trial of the cause K. J. R. Edwards and her husband, L. E. Edwards, intervened and claimed that K. J. R. Edwards had become the owner of the south one-half of lot 5, and a part of lot 6, and was entitled to the same as against all parties to the suit.

On the 21st day of May, 1883, the case was tried before a jury, and on the 23d day of May, 1883, there was a verdict for the plaintiff and the intervenors, Edwards and wife, and on the verdict a decree was entered setting aside the agreement dated March 4, 1871, and the judgment rendered thereon on the 6th day of May, 1871, and directing a partition of the property between the plaintiff, James T. Brown, and the defendant, R. Lucretia Renfro, and in favor of the intervenors for the south half of lot 5 and a part of lot 6; and as it appeared that the property recovered by them was under a conveyance from R. Lucretia Renfro, that part of the property was to be charged to her in partition; and it appearing that prior to said agreement dated March 4, 1871, the plaintiff had conveyed to his daughter, Martha Jane Beckway, lot 8 and the west one-third of lot 7, that part of the property was to be charged to

him in partition; and it was further adjudged that the plaintiff recover of the defendants all costs and have his execution therefor, and that the intervenors recover their costs against all the other parties, and that the case remain on the docket for further proceedings in partition.

All the questions now presented arose out of proceedings had in the case after the decree was entered, and none of the proceedings prior to the decree are found in the transcript except in the statement of facts.

After the decree was entered the defendant, R. Lucretia Renfro, on the 25th day of July, 1883, filed a supplemental answer asking for partition, according to the decree, and alleged in her answer that John Bremond and Frank E. Jones were claiming the east two-thirds of lot 7 and part of the west two-thirds of lot 6.

On the same day, the 25th day of July, 1883, John Bremond and Frank E. Jones filed a plea of intervention, claiming title to the east two-thirds of lot 7 and all of the west two-thirds of lot 6, except the part of it owned and recovered by K. J. R. Edwards and her husband, L. E. Edwards, in this suit, and that they had held possession of the property claimed by them in good faith for several years, and had made permanent and valuable improvements thereon to the value of $236.75, and claimed said property and improvements against both plaintiff and defendant.

James T. Brown filed an answer to the supplemental answer of the defendant and the plea of intervention, and, besides insisting upon his title to the property in accordance with the decree, alleged that after the decree was entered he acquired by purchase all the right, title and interest of R. Lucretia Renfro in and to lot 5, and the improvements thereon, under a sheriff's sale made on the 7th day of August, 1883, under an execution issued on a valid judgment; that he paid therefor $350.50, and that the sheriff executed to him a valid deed therefor. He claimed title accordingly to lot 5 and improvements thereon, and in the event the court should conclude that the deed was not sufficient to vest a perfect title in Brown to all of lot 5 and the interest of the defendant Renfro in that lot and the improvements thereon, then that the amount paid by him, $350.50, be held a charge on the interest of defendant in the lot.

On the 17th day of December, 1883, the defendant filed her third supplemental answer, in which she alleged that the sheriff's sale under which plaintiff claimed title to her interest in lot 5 was under an execution for costs in this case, and that the sale was

made while the property was *in custodia legis* for partition between plaintiff and defendant, and was therefore null and void.

On the 18th day of December, 1883, the issues tendered by the pleadings were tried before a jury and a verdict was rendered in response to special issues submitted by the court, and on the verdict a decree was entered in favor of the intervenors, John Bremond and Frank E. Jones, for the property claimed by them, and a partition of the remainder of the property, viz., the north half of lot 5 and the north half of the east one-third of lot 6, was ordered to be made between the plaintiff and defendant, as in the original decree, and the interest of the defendant in the property was, by the order, charged with $296.95, the amount of costs for which her interest in the property was sold under execution in favor of the plaintiff, who purchased it, subject to credit of $12.50 per month, one-half of the rents of said property, from the 23d day of May, 1883, until the partition should be made; and in case the said property should all be set apart to said defendant, then that she should have credit for $25 per month.

*Rector, Moore & Thompson, W. H. Carrington* and *D. W. Doom,* for appellant, cited: Arts. 1420*b*, 1420*c*, 2424, 2425, 2426, 2427, R. S.; §§ 792 to 797, Tex. Pl. and Pr., Sayles & Bassett; § 292, Freeman on Ex.; Grimes *v.* Hobson, 46 Tex., 417; Simpson *v.* Trimble, 44 Tex., 310; Roberts *v.* Forrest, 25 Tex., 738; Rippetoe *v.* Dwyer, 49 Tex., 498; Sedgwick & Wait on Trial of Title to Land, §§ 292, 293 and 294; Freeman on Co-tenancy and Partition, p. 165; Brittin *v.* Handy, 20 Ark., 381; Gunter *v.* Loffan, 7 Cal., 588.

No briefs on file for appellees.

Watts, J. Com. App.— It may be conceded that the pending suit to vacate the judgment rendered in 1871 was notice to Campbell and all others who might deal with the property that appellant was asserting a claim to it. This, however, was defensive matter that might have been set up and adjudicated in the case of Campbell against appellant for the recovery of the property claimed by appellees Jones and Bremond. It is well settled that all matters which might have been adjudicated in the suit will be concluded by the judgment therein rendered.

There is no error in the judgment in favor of appellees Jones and Bremond, and we recommend its affirmance.

Appellant claims that the court erred in the charge with reference

to the sheriff's deed to him, conveying all the interest of R. Lucretia Renfro in and to lot 5, and the improvements thereon. After the judgment was rendered in May, 1883, settling the rights of the parties then before the court to the lots in controversy, and pending a partition by the commissioners appointed for that purpose, to wit, July, 1873, an execution was issued by virtue of said judgment for costs, against the defendants therein, and was levied upon lot 5, and improvements thereon, or rather all the interest of Mrs. Renfro in and to that lot, which was advertised and sold on the 7th day of August, 1883, and bid off by appellant for $350.50, which it seems he paid and received a deed from the sheriff. In the subsequent proceedings brought about by Mrs. Renfro's amended answer, making Bremond and Jones' interest in the property known to the court, appellant asserted his title derived through the execution sale against Mrs. Renfro, who excepted to the amended petition on the ground that, as the property was being partitioned, it must be considered as in the custody of the law, and not subject to seizure and sale; and answered by general denial only.

Upon the trial the court overruled the special exception, but instructed the jury that no title passed by the sale and deed to appellant.

There was no error in overruling the exception. The property had not been seized by any writ, and the partition was not such a proceeding *in rem* as that the property could be considered in the custody of the law. There is no good reason perceived by us why real estate, although being partitioned, is not subject to levy and sale.

Our statute authorized the issuance of the writ. R. S., arts. 1420–1420c. And we know of no law that would exempt the property in controversy from levy and sale. As to the policy of permitting writs of execution to issue pending suits, and thereby place it within the power of the officers of court to seize and sell the subject-matter of the suit for the costs incurred, the courts are in no way responsible. When the legislature adopts a policy and enacts laws with reference to it, the courts are only called upon to enforce the legislative will as embodied in the enactments. They do not inaugurate the policy, nor are they in any manner responsible for its results.

In our opinion the court erred in the charge with reference to the effect of the sheriff's deed to appellant. If there is any good reason why that sale ought to be vacated or set aside, Mrs. Renfro should set it up in her pleadings and have an adjudication upon the

question. But as presented by the record it appears regular and quite sufficient to vest the title in appellant.

Our conclusion is that the judgment as between appellant and Mrs. Renfro should be reversed and remanded.

REVERSED AND REMANDED.

[Opinion adopted February 6, 1885.]