### W. W. Lunn v. C. B. Scarborough et al.

### No. 334.

**1. Deed — Ancient Instrument.** — A deed purporting to be more than thirty years old was offered in evidence as an ancient instrument by plaintiff, with proof that he obtained it from the grantee therein, who had had it in possession nearly twenty-five years, when he returned it for acknowledgment to the grantor, who promised to acknowledge and return it, and that it was returned, though without acknowledgment, by the grantor's widow, after his death, and that the deed was the same in 1868 as at time of trial in 1892 as to certain differences in ink apparent on its face. *Held,* that the deed was admissible as an ancient instrument.

**2. Same—Proof of Signature — Subscribing Witnesses.**—Plaintiff was entitled to prove by the grantor's son the signature of the grantor to the

deed, without first accounting for the absence of the subscribing witnesses, as these, after the lapse of thirty years, are presumed to be dead.

3. Same—Possession Under, not Necessary.—The want of possession of the land under the deed did not render it inadmissible.

4. Same—Description of Land.—Where the deed describes the land as "the western half of 1000 acres deeded to L. N. by J. N., dated November 28, 1853, the same to be surveyed so as to contain 500 acres in the upper end of said 1000 acres of land," such description presents, at most, only a latent ambiguity, which may be removed by evidence.

5. Same—"Upper" Part of Survey.—Where a survey lies on a river, the description of a part thereof as the "upper" part is to be read in the light of such fact, and does not necessarily refer to the north part of the survey.

APPEAL from Jones.  Tried below before Hon. J. V. COCKRELL.

*Ed. J. Hamner*, *J. F. Cunningham*, and *Bentley & Kirby*, for appellant.

The court erred in excluding the deed from Nail to Williams, dated May 30, 1854, when offered by plaintiff as an ancient instrument, because it was over thirty years old, was shown to have come from the proper custody, was free from suspicion, interlineations, or erasures, and no affidavit of forgery or non est factum was filed by defendants.  Sass v. Sevier, 58 Texas, 567; Brown v. Perez, 79 Texas, 157; Stribbling v. Atkinson, 79 Texas, 162; Ammons v. Dwyer, 78 Texas, 643; Holmes v. Coryell, 58 Texas, 688; Pasture Co. v. Preston, 65 Texas, 451; Fletcher v. Ellison, 1 Posey's U. C., 663.

*Cockrell, Cockrell & Tillett*, for appellees.—The deed from Nail to Williams was not admissible as an ancient instrument, because it did not come from the proper custody, was not free from suspicion on its face, and was not shown to have been acted on, and there was nothing whatever corroborative of the antiquity of the instrument.  Wait v. Pomeroy, 20 Mich., 425; Benjamin v. McConnell, 4 Gill., 536; 1 Greenl. Ev., art. 242; Talman v. Emerson, 4 Pick., 162; Gainer v. Cotton, 49 Texas, 102; Holmes v. Coryell, 58 Texas, 687; Bass v. Sevier, 58 Texas, 567.

STEPHENS, ASSOCIATE JUSTICE.—The deed from L. M. Nail to Thomas J. Williams was improperly excluded from the evidence.  When offered as an ancient instrument, the attendant circumstances proven, as shown by bill of exceptions, were at least prima facie sufficient to raise a reasonable presumption of its genuineness.  The objection that it did not come from the proper custody was met by the proof that appellant obtained it from the grantee, Williams, who had it in his possession as early at least as 1868, when he returned it to the grantor, Nail, for acknowledgment for record, and that his widow, after his death in 1870, returned it to

Williams. Though Nail failed to acknowledge and return it to Williams, the proof was that in receiving it he promised to do so.

The objection that it showed on its face circumstances of suspicion, in that the consideration was written in fresher and different ink from the body of the deed, and the periods separating the initials of the signature were in different ink from the body of the signature, was met by the proof, if indeed such proof was required, that in these respects the deed was the same in 1868 as when offered in evidence, February 26, 1892.

In further corroboration of the genuineness of the deed, appellant should have been allowed to prove, as he offered to do by the son of L. M. Nail, that the latter's signature to the deed was genuine, without being first required to account for the absence of the subscribing witness. Attesting witnesses to a document thirty years old need not be called. They are presumed to have passed away with the rest of their generation. 1 Whart. on Ev., sec. 732.

No other objections were interposed when the deed was offered as an ancient instrument. It purported on its face to have been executed more than thirty years before it was offered in evidence, reciting in the body thereof, "this indenture, made this 30th May, A. D. 1854," etc. The grantor recognized it as being what it purported to be nearly twenty-five years before it was offered in evidence. The want of possession of the land under the deed did not render it inadmissible. Stroud v. Springfield, 28 Texas, 649; Holmes v. Coryell, 58 Texas, 688, and authorities there cited. Everything considered, we think a prima facie case of a genuine ancient instrument was made out.

The further objection, raised in this court, that the deed did not describe the land sued for, we do not find to be sustained by the record. At most, a case of latent ambiguity is presented, which may be explained upon another trial. The description in the deed reads: "The western half of one thousand acres deeded to Lewis M. Nail by Joseph Nail, dated the 28th day of November, A. D. 1853. The same to be surveyed so as to contain five hundred acres in the upper end of said one thousand acres of land."

We can not say that the land described by the metes and bounds in the petition is not within the above description; the evidence tended to show that it is. It may be concluded that in the absence of special circumstances modifying or changing its meaning, the word "upper," when used to describe a part of a survey of land made and plotted upon a map, would naturally suggest the north part of such survey; seeing that surveys and maps are made with reference to the points of the compass. At the same time, it is also common knowledge that rivers do not respect the points of the compass, but all run down to the sea. As this survey is situated on the river, its description, including the word "upper,"

should be read in the light of this fact; and when so read, we apprehend all seeming ambiguity will vanish away.

For the error in excluding the deed, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered January 10, 1894.