## DOWNS v. WAGNON et al.

### No. 1186.

Court of Civil Appeals of Texas. Eastland.

Dec. 15, 1933.

Y. W. Holmes, of Comanche, for appellant.

G. E. Smith, of Comanche, for appellees.

FUNDERBURK, Justice.

The plaintiff below was Mrs. Belle Downs, suing individually and as community administratrix of the estate of herself and deceased, husband, J. H. Downs. The defendants were Perry Wagnon, T. H. Jackson, and Higginbotham Bros. & Co., a corporation. The purposes of the suit were to set aside a sale under execution of an undivided one-twelfth interest in three tracts of land, and to foreclose a judgment lien on the same interest in said land. The abstract of a $1,228 judgment in favor of J. H. Downs against Perry Wagnon, upon which was predicated the claim of a judgment lien, was recorded and indexed on March 30, 1931. The sale under execution, sought to be set aside, was made on April 7, 1931, in pursuance of a levy made, according to the allegations of plaintiff's petition, "on some date prior to March 11th,

1931," and after an advertisement of said sale, beginning March 11, 1931. The sheriff's return on the execution was: "Came to hand the 4th day of February, 1931, at 2 o'clock P. M., and executed on the 7th day of April, 1931, at 2 o'clock P. M., at Comanche County, Texas, by levying upon the following described property as the property of Perry Wagnon 1/12th interest 186 acres of land of W. J. Mitchell Survey #640, 1/12th interest 402 acres of James McAlister Survey #676, 1/12th interest 55 acres of land W. J. Mitchell Survey #677." The sheriff's notice of sale described the land as follows: "All that certain lots, tracts or parcels of land lying and being situated in Comanche County, Texas, and being known and described as follows: Three tracts of land: First 186 acres of land out of the W. J. Mitchell Survey in said County, Sur. No. 640; Second 402 acres of land out of the James McAlister Sur. No. 676; Third 55 acres of land out of the W. J. Mitchell Sur. No. 677. It is understood that this said property is owned by a number of heirs and that the said Perry Wagnon owns only a 1/12th interest in and to the said land above described, and it is this interest alone which has been herein levied upon and is to be sold to satisfy the said judgment." The judgment referred to was in favor of Higginbotham Bros. & Co. and against Perry Wagnon for $49.08 and costs.

On the day of the sale, plaintiff was present, by her attorney, and bid $500 for the land; that being the highest bid offered. Plaintiff, however, tendered in payment only the sum of $80, and insisted that the remainder of the bid be credited on an execution then in the hands of the sheriff issued upon said judgment of J. H. Downs against Perry Wagnon. Said execution was issued after the death of J. H. Downs, but not in the name of his legal representative as provided in R. S. 1925, art. 3775. The officer therefore, declined to make the credit requested, and, before the expiration of the legal time for making the sale, resold the property to T. H. Jackson for the sum of $85. We omit in this connection a statement of the grounds relied upon by plaintiff to vacate the sale, since same will sufficiently appear in the discussion of the points urged for a reversal of the case. At the close of the hearing the jury, in response to a peremptory instruction, returned a verdict in favor of the defendants, and, from a judgment entered in accordance therewith, the plaintiff has appealed.

■ In our opinion the levy of the execution was not shown to be void. The execution bore the indorsement of the sheriff showing that same came to his hand on the 4th day of February, 1931, at 2 o'clock, p. m. To that extent, at least, the same was in compliance with the requirements of R. S. 1925, art. 3785. If such indorsement should have been made at the very time the writ was received and not later, a question we do not decide, then such failure was a mere irregularity. If no indorsement had ever been made, the levy would not necessarily have been void. Wilson v. Swasey (Tex. Sup.) 20 S. W. 48. Neither are we prepared to hold that the description of the land contained in the levy of the execution was absolutely void. It would have to be so, we think, for appellant to gain any advantage from any defect therein. It must be borne in mind that appellant was not the owner of the land. Appellant did not have the interest in the land of even a lienholder, unless the sale was void as contradistinguished from voidable. Her position in this respect was very different from that of owner of the land, or even of a junior lienholder. An imperfect description of land in a levy of execution thereon may be cured by a good description in the sheriff's deed. "Certainty of description in the levy is essential only where the matter of description constitutes the only evidence to identify the property. And the description in the levy has been held to be immaterial where the evidence shows a duly executed Sheriff's deed containing a sufficient description, or a notice of sale and Sheriff's deed clearly designating the property." 18 Tex. Jur. p. 739, § 170; Coffee v. Silvan, 15 Tex. 354, 65 Am. Dec. 169; Fitch v. Boyer, 51 Tex. 336. If an insufficiency in the description as contained in the levy and the notice of sale may be cured by the sheriff's deed, it is immaterial in this case, we think, whether the description in the deed actually does so or not. If the deed was void but the sale was valid, appellant could not prevail in this suit, since the judgment lien would never have come into existence. At any rate, however, we think the description in the deed, although imperfect, is sufficient to furnish the means of identifying the land, and therefore certainly not void. According to the sheriff's return, the levy is stated to be on the day the sale was made, but the notice of sale, as well as the allegations of plaintiff's petition, show that the levy was previously made, and the recitation, therefore, must be regarded, at most, as an irregularity. Our conclusion, therefore, is that the complaints concerning the levy and notice of sale were each and all mere irregularities, subject to being waived, and hence the court did not err in overruling the exception to the plea of waiver. The waiver, we think, was fully shown by the evidence.

■ Even if the owner of the land were the one seeking to avoid the sale, no advantage could be had from the fact that all three tracts were offered for sale and sold together; there being no evidence of any request for them to be sold separately, or evidence of timely objection to their being sold together.

18 Tex. Jur. p. 620, § 73. With even more reason should it be held that appellant is not entitled to avoid the sale for such cause.

 It seems to be conceded that the sheriff was under no duty to apply any excess in the proceeds of the sale of the property upon the execution issued in the name of J. H. Downs against Perry Wagnon after the death of the judgment creditor. If so, then appellant is in no position to complain of the inadequacy of the price at which the property sold. If the sheriff was not authorized to apply any surplus of the proceeds of sale upon the other execution, then appellant had no interest in the question of the adequacy of the price for which the property sold. "Objection to the sale on the ground of inadequacy of price may be made only by the injured party." 18 Tex. Jur. p. 694, § 132; Hawley v. Bullock, 29 Tex. 217.

So far as the record discloses, appellant asserted no right that could not be fully protected as a bidder at the sale, and the fact that she may not have been in position to purchase the property for cash does not alter the situation.

Being of the opinion that no reversible error is shown, and that the judgment of the court below should be affirmed, it is accordingly so ordered.