## UNIVERSAL CREDIT CO. v. CUNNINGHAM.

### Nos. 13503, 13584.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 3, 1937.

Rehearing Denied Oct. 22, 1937.

**508**

S. L. Lewis, of Dallas, for Universal Credit Co.

Jimmie Cunningham, of Graham, pro se.

BROWN, Justice.

This is a bill of review filed by plaintiff in error on April 22, 1936, to set aside a default judgment rendered for defendant in error in the county court of Young county on June 6, 1935.

It appears that defendant in error (who will be referred to as appellee) brought suit in the county court of Young county against plaintiff in error (who will be referred to as appellant), asking recovery of a money judgment on a contract alleged to be tainted with usury. Appellee alleged that one A. W. Swenson of Young county was the agent of appellant, a private corporation which deals in automobile paper and loans. Swenson employed a local firm of lawyers to file an amicus curiae pleading denying agency on his part.

The cause was set for trial, evidence introduced before the court (no jury being demanded), and the court found no virtue in the plea by the amicus curiae, but announced in open court that he did not wish to render a default judgment against appellant that day, but would continue the hearing a few days to allow appellant to answer to the merits. What was done with reference to anyone communicating with appellant (whose place of business is in Dallas, Tex.) is not made clear, but after waiting a few days and no appearance or answer having been made, the court rendered judgment for appellee on June 6, 1935, and the record discloses that notice of such action was given appellant immediately.

It appears that appellant sought to learn from certain persons, including a practicing attorney in Young county, just how long the term of the county court would continue, after the judgment was rendered against it, and, from the information given, appellant believed it had ample time within which to file whatever pleading it desired; and on July 5, 1935, appellant filed what it designates a "Motion for New Trial and/or Motion to Set Aside Judgment and/or Bill of Review."

■ This pleading was filed after the term of court, at which the judgment was taken, had expired by operation of law, and its purpose as a bill of review only was served by its late filing.

After a hearing, the trial court denied appellant the relief sought, on July 17, 1935, and an appeal was taken from such order and judgment to this court; but the appeal bond was not filed within the time required by law, and we were compelled to dismiss the appeal on October 4, 1935. We overruled the motion for a rehearing on November 8, 1935.

Thus it will be seen that even after final action was taken by this court, on the appeal, appellant had until approximately January 16, 1936, in which to bring its cause before us by writ of error proceedings. But appellant, for reasons best known to it, abandoned all further efforts to obtain relief from the judgment of the trial court overruling its "Motion for New Trial and/or Motion to Set Aside Judgment, and/or Bill of Review" theretofore filed, and on January 20, 1936, filed suit in one of the county courts of Dallas county, to which county an execution on appellee's judgment against it had been issued, to enjoin the execution of the writ. Relief was granted appellant, but ascertaining that such proceeding was without merit, appellant, on April 17, 1936, took a nonsuit in its Dallas county case; and, on April 22, 1936, went back to Young county and filed a second bill of review, out of the trial of which, and because it was denied all relief thereunder, appellant comes to us with this appeal.

■ A defendant is entitled to a bill of review only when he can show that he has been prevented from defending the suit brought against him through fraud, accident, or mistake (and this means a mutual mistake, or the mistake of the complaining party coupled with some act of the opposing party, which enters into the unilateral mistake and brings it about, and this is, after all, fraud); and that there has been no want of diligence on the part of the complaining party. That is, that he, by his diligence, could not file and prosecute a motion for a new trial, before the end of the term at which the judgment complained about was rendered, or could not protect his rights by an appeal. And, furthermore, the bill of review must show that the complaining party has a meritorious defense to the cause of action brought against him. Johnson v. Templeton, 60 Tex. 238; Smith v. Ferrell (Tex.Com.App.) 44 S.W.(2d) 962.

■ There are two chapters to a proceeding for a bill of review: First, the complaining party must establish the facts nec-

essary to impeach the judgment complained of, and second, he must then establish a meritorious defense. If he fails, in either of the necessary steps, his efforts are abortive.

If he shows no right to set aside the former judgment it is idle to inquire into its merits; and should he show a right to set aside the former judgment, but disclose no meritorious defense, it would be a useless waste of time to disturb the judgment theretofore rendered.

■ We believe that appellant's second bill of review (being the one before us), which sets forth, substantially, what we have stated above, concerning the steps taken by it, after learning of the judgment against it, is wholly insufficient in equity as a bill of review.

We are unable to see how appellant can rely upon the open record in order to show a semblance of the diligence required of it, under the facts disclosed.

The matter of the duration of the term of court at which judgment was taken against appellant is one of public record. Reasonable diligence required appellant to ascertain the facts from the proper source. This it did not do.

Even if the mistake as to the extent and duration of the term of court had been brought about through appellant making inquiry of the presiding judge, this would not suffice, in our opinion.

■ "In the absence of some element of fraud or misconduct on the part of the adverse party, equity will never interpose to vacate or enjoin a judgment on the ground of mistake or ignorance of law, nor because of a mistake of law caused by opinions or suggestions of the judge before whom the cause was tried." Freeman on Judgments (5th Ed.) vol. 3, par. 1246, p. 2596; 25 Tex. Jur. p. 613.

Chief Justice Hemphill in Cannon v. Hemphill, 7 Tex. 184, draws the distinction between "a mistake of the law and ignorance of the law," and says: "If the suitor come under the latter category, he is immediately met and overwhelmed by the maxim that ignorantia juris neminem excusat."

■ Equity will not set aside a judgment because through negligence or mistake of one's attorney a full and fair presentment of his case has not been had. 25 Tex.Jur. par. 206, p. 614, and cases cited.

Truth is, the record discloses that appellant sought to avoid any appearance in the trial court for as long a time as possible, and, being forced into such court to seek relief, it appears that this appeal comes through a petition for writ of error. Why the delay, after appellant had been thoroughly educated on the matter of the terms of the court and their duration, is not made known to us.

We do not believe that appellant's pleading in this suit shows any equitable ground for the relief sought, but we will go further and discuss the case.

Of the 14 assignments of error found in appellant's brief several should not be considered and several disclose on their faces nothing to consider.

The second complains of the overruling of appellant's exceptions to 20 separate and distinct paragraphs found in appellee's answer.

The third, fifth, sixth, seventh, and eighth complain of the admission of certain testimony and the propounding of certain questions.

The cause was tried to the court and no injury is shown to have been even probably done to appellant.

The fourth complains of a statement made by the court, during the trial, to the plaintiff below. No probable injury is shown.

The first assignment of error complains of the overruling of appellant's general demurrer directed against appellee's answer. Obviously, the demurrer is not well taken.

The trial court made the following findings in its judgment:

"On this day came on to be heard in regular order the above entitled and numbered cause, came plaintiff, a corporation by attorney, came also defendant in person, both parties announced ready for trial. The jury being waived all matters of fact as well as of law were submitted to the court and the court after reading the pleading and hearing the testimony of the witnesses, and the argument of the counsel, is of the opinion and finds as follows:

"First. That judgment in cause 2084 styled Jimmie Cunningham vs. The Universal Credit Company was entered in this court on June 6, 1935, and that Universal Credit Company was fully advised thereof on said date.

"Second. That 20 days remained of the June term of Court, 1935, after the rendition of said judgment before said term expired by operation of law.

"Third. That no effort was made by plaintiff during said June term of court to set the judgment aside and no inquiry was made of the defendant, Jimmie Cunningham, his agents or attorneys, and no inquiry was made of the Judge or of the Clerk of said court before the expiration of said term for information pertaining to the length of the term or the date of its adjournment.

"Fourth. That plaintiff, Universal Credit Company, or its attorney, was advised by the defendant, Jimmie Cunningham, on July 5, 1935, that the June Term of Court had expired by operation of law on the 26th day of June, 1935.

"Fifth. The Court further finds that a proper showing of a meritorious defense, which would probably result in a different judgment, was not made by plaintiff.

"Sixth. The Court further finds that a proper showing of diligence wholly unmixed with any negligence on the part of the plaintiff was not made.

"Seventh. The Court further finds that this bill of Review was not filed until April 22, 1936, some ten and a half months after the judgment in cause No. 2084 had been entered, and after plaintiff had been enjoined from bringing injunction suits in the Court of Dallas County to prevent the collection of said judgment.

"Eighth. The Court further finds that plaintiff was properly before the court when judgment was entered in cause No. 2084 by citation duly served and that plaintiff was not prevented from appearing and defending said suit by fraud, accident, mistake, or acts of the plaintiff."

The ninth assignment of error complains of the first finding quoted above.

The evidence tends to show that notice was given appellant of such judgment on that date, but it is undisputed that notice was actually had almost immediately after the rendition of the judgment. There is no merit in this assignment of error.

The tenth complains of the third finding made by the court. The record abundantly supports the trial judge in this finding.

The eleventh complains of the fifth finding made by the court. We have read the record carefully and we conclude that this finding is supported by the record.

The twelfth complains of the sixth finding made by the court. We are of opinion that the record supports the trial judge in this finding. This record discloses that appellant was neither diligent nor free from negligence, after learning of the judgment against it.

The thirteenth complains of the eighth finding made by the court.

We are of opinion that the facts adduced before the court warranted the court in finding that Swenson was an agent of appellant on whom service of citation was properly had.

Even taking appellant's view of the transaction, viz., that appellee bought an automobile from the local dealer, and that the contract of purchase and sale was sold and assigned to appellant, the fact that Swenson collected the payments thereon for appellant and looked after adjustments and changes made in the contract for appellant establishes him as a local agent of the corporation. The fact that this is a limited agency makes no material difference, so far as service of process is concerned.

The fourteenth asserts that the trial court erred in finding and entering judgment that appellant take nothing by its bill of review. This is a general statement to the effect that the trial court erred in rendering judgment against appellant.

We believe no other judgment could have been rendered in this purely equitable proceeding.

This case is so nearly "on all fours" with the recently published case of Commercial Securities Co. v. Rea et al. (Tex.Com.App.) 105 S.W.(2d) 872, that we cite same as supporting the trial court in the rendition of the judgment which appellant seeks to avoid.

We find no error in the record and the judgment of the trial court is affirmed, and the writ of prohibition heretofore granted by us on April 29, 1936, is hereby vacated.