**WHITE et al. v. GLENN.**

No. 5126.

Court of Civil Appeals of Texas. Amarillo.
March 11, 1940.

Rehearing Denied April 8, 1940.

R. A. Baldwin, of Slaton, for appellants.

Jno. B. Daniel, of Temple, for appellee.

**JACKSON, Chief Justice.**

This suit was instituted in the District Court of Lynn County, Texas, by the appellee, H. C. Glenn, the duly appointed and acting receiver for the Temple Trust Company, as an action in trespass to try title against Alvin O. White in the capacity of community administrator of the community estate of himself and his deceased wife, Esther White, against him individually and his present wife, Lily White, the adult appellants herein, and against William Frank White, Howard Miller White and Aneta June White, the minor appellants, to recover title and possession to the south 220 acres of Section No. 1 in Block D–23, Lynn County, and described by metes and bounds as follows:

"Beginning at a 2 inch iron pipe set in center of east-west and north graded roadway, the S W corner of section 4, Block M, and the S E Corner of said Section 1, and in the North line of Wilson County School League No. 2, for the S E Corner of this tract;

"Thence North along center line of graded roadway 617.6 varas for the N E Corner of this tract, 2 inch pipe set 7.2 varas west of corner; the N E Corner of Section 1 is north 1182 varas in center of graded roadway extending west; the N W corner of said section 4 is 73 varas north of the N E corner of Section 1 and is marked with 4 inch well casing, graded roadway extends east therefrom;

"Thence West 2011 varas to center of north-south graded roadway, the west line of Section 1 for the N W·Corner of this tract, iron pipe set 7.2 varas east of corner;

"Thence South along center line of graded roadway 617.6 varas to iron shaft set in center of east-west graded roadway, the S W corner of said Section 1, and the S W corner of this tract;

"Thence East along center line of graded roadway 2011 varas to the place of beginning, containing 220 acres of land, more or less."

R. A. Baldwin, the attorney for the adult appellants, was appointed by the court as guardian ad litem for the minor appellants. No answer was filed by Alvin O. White in his capacity as community administrator but the adult appellants answered by a plea of not guilty and presented a plea in trespass to try title to an undivided 200 acres in the section constituting the homestead.

They attacked the proceedings in two former suits, Cause No. 958 and Cause No. 1047, and sought to have the judgments therein vacated and held for naught, contending that the records in said causes disclosed that the proceedings therein were void on their face. They alleged that Section 1, Block D–23 was the community property of the first marriage; that the minor appellants inherited an undivided one-half interest in said section and Alvin O. White owned the other undivided one-half interest therein; that at all times Mr. White had with his family occupied such section as his homestead.

The minor appellants by their guardian ad litem alleged in substance the same matters urged by the adult appellants and in addition pleaded title to an additional 120 acres of the section; that Cause No. 958 was invalid as to them for want of service and on· account of the fraud on the part of appellee, since he neither had nor claimed any debt against the minor appellants nor any lien against their undivided interest in the property but with knowledge of their ownership sought and obtained a foreclosure of a purported abstract judgment lien on 120 acres of their land.

The minor appellants alleged that the proceedings in Cause No. 1047 were invalid

as appellee with knowledge of their title fraudulently had the entire section partitioned and 220 acres thereof set apart to him. They prayed for the cancellation of the judgment in Causes Nos. 958 and 1047 because void on the face of the records and that they recover title and possession to the land that had been appropriated by appellee under his asserted lien.

The case was submitted to the court without a jury and judgment rendered that appellee, for the benefit of the Temple Trust Company, have and recover from all of the defendants the south 220 acres of said section, giving the metes and bounds thereof as contained in the petition, from which judgment this appeal is prosecuted.

The appellants by numerous assignments of error, which we shall consider together, assail the validity of the judgment in Cause No. 958, the sale and sheriff's deed thereunder because the description of the land in such proceedings is so patently defective that such instruments are void and extrinsic evidence was not admissible to identify the land and no title passed thereby.

Alvin O. White and Esther Young were married April 21, 1919, and lived together as husband and wife until April 21, 1926, on which date Esther White died intestate. Three children were born to this union, William Frank White, Howard Miller White and Aneta June White, and they are the minor appellants in this litigation. On June 29, 1920, Alvin O. White and his wife, Esther, acquired title to Survey No. 1 in Block D-23, State School Land, containing 640 acres, situated in Lynn County, Texas, on which they established and maintained their homestead with their children until the death of Esther White. Mr. White and Lily Chancelor were married on May 4, 1929, and have since lived together as husband and wife with the children of the first marriage and continue to occupy the homestead on said survey. On October 7, 1929, Mr. White and his second wife, Lily, executed and delivered to the Temple Trust Company, a corporation, their promissory note for $2,400. They defaulted in the payment thereof and on June 14, 1932, the Temple Trust Company obtained a judgment on this note in the District Court of Lubbock County in Cause No. 4974 against Mr. White, his second wife, Lily, and Jeff Graham, for the sum of $2,670.83, with interest thereon from date at the rate of 10% per annum and a decree foreclosing a lien given to secure the payment of said note on certain lots in Slaton, Texas. The property against which the lien was foreclosed was duly advertised, sold as under execution and purchased by the Temple Trust Company for $1,200 and after the cost was paid the judgment was credited with the balance of $1,144.94.

A pluries execution on March 1, 1932, was issued out of the District Court of Lubbock County in Cause No. 4974 directed to the proper officers of Lynn County commanding that they out of the goods and chattels of Alvin O. White make the sum of $1,529.29, with interest and cost, which constituted the unpaid balance of the judgment obtained in the District Court of Lubbock County. The sheriff of Lynn County levied this pluries execution on the following land situated in Lynn County, to-wit: "440 acres out of Section 1, Block D-23, and being all of said section except 200 acres out of the Northeast Corner thereof designated by the said Alvin O. White as homestead." The property was advertised and on June 7, 1932, was sold by the sheriff to Alvin O. White for the sum of $1.50, that being the highest and best bid therefor and the sheriff executed to him a deed for the land containing the exact description set out above from the sheriff's return on the pluries execution. On the same day Alvin O. White and his second wife, Lily, for a recited consideration of $10 and love and affection, made a deed to the minor appellants in which the property is described as: "440 acres of land out of Section No. One (1), Block D-23, Abstract No. 838, public school land, W. D. Nevels, Original Grantee", in Lynn County, Texas.

The Temple Trust Company had another pluries execution issued to the sheriff of Lynn County, who levied upon, advertised and sold to Temple Trust Company the land levied upon by the same description heretofore given from his return on the first pluries execution.

Appellee herein on June 10, 1933, instituted a partition suit, Cause No. 958, in the District Court of Lynn County, Texas, against the adult appellants and the minor appellants in this suit naming some other defendants who are unnecessary to a consideration of this appeal. The petition for partition alleged that Section 1, Block D-23, contained 640 acres; that the minor appellants were joint owners with appellee of 440 acres out of said Section 1, which was all of said section except 200 acres in

the northeast corner which constituted the homestead of Alvin O. White, and that appellee owned the other undivided interest in said 440 acres. On August 28th thereafter, the adult appellants filed their original answer and Alvin O. White answered as father and next friend for the minor appellants. The appellee, on October 14th, filed a first amended original petition in Cause No. 958 and after repeating, in effect, in a first count the allegations of his original petition, pleaded in the alternative in a second count the judgment obtained in the District Court of Lubbock County, the sale of the property upon which a foreclosure was had therein, the unpaid deficiency of his judgment; that he had an abstract thereof made, filed, properly recorded and indexed in the office of the County Clerk of Lynn County and thereby acquired a valid abstract judgment lien on the undivided one-half interest of Alvin O. White in 440 acres in said Section 1, the excess over the 200 acres claimed by Alvin O. White as a homestead and prayed that if not permitted to recover in his first count for partition that he be decreed a foreclosure of his abstract judgment lien on said undivided interest of Alvin O. White in said excess. He also sought the cancellation of the execution sale of June 7, 1932, to Alvin O. White and the cancellation of the execution sale on August 2nd thereafter to the Temple Trust Company. Both the adult and minor appellants in this case filed a formal answer on August 28, 1933, in Cause No. 958. On September 29th thereafter, they filed a first amended original answer and on October 14th following they filed their second amended original answer in which they presented many demurrers, a general denial and by way of cross-action asserted the validity of the execution sale on June 7th to Alvin O. White, the validity of the deed from Alvin O. White to the minor appellants, the invalidity of the execution sale on August 2nd to the Temple Trust Company; pleaded that the minor appellants were forced to employ legal counsel and had secured Chas. Nordyke, attorney of Lubbock, to represent them and sought a recovery of a reasonable attorney fee for his services which they alleged to be the sum of $1,000. They alleged that the minor appellants were entitled to a judgment removing all cloud from their title by virtue of the execution sale on August 2nd to the Temple Trust Company and asked that their title be quieted.

Cause No. 958 was submitted to the court without the intervention of a jury and the court in his judgment recites that the appellee and the adult appellants in this case and Alvin O. White as community administrator appeared and answered; that all parties, including the minors, had been duly cited; that the minors had no legal guardian; that Chas. Nordyke was a proper person to act as attorney and guardian ad litem for them, and he was appointed as such and adopted the pleadings of the adult appellants for the minor appellants. The court decreed that the appellee recover from Alvin O. White, individually and as community administrator, and also against Lily White, the present wife, and the minor appellants, a foreclosure of his abstract judgment lien in favor of the Temple Trust Company upon the undivided one-half interest of Alvin O. White "In and to 440 acres out of Section 1, Block D–23, Lynn County, Texas, and being all of said section except 200 acres claimed by Alvin O. White as his homestead;" that the land be sold as under execution in satisfaction of the deficiency judgment debt of $1,814.05, with the payment of cost, and if the land should sell for more than sufficient to pay off and satisfy such sums then to pay the excess to Alvin O. White. He denied the relief sought under the first count for partition but cancelled and held for naught the sale of the land to Alvin O. White by the sheriff under execution on June 7th and also annulled the execution sale by the sheriff on August 2, 1932, to the Temple Trust Company; authorized the payment of a $50 fee to Chas. Nordyke for his services as guardian ad litem and denied all further relief to all parties to the suit. He ordered the judgment entered on December 7, 1933 and recites that the special term at which the trial was had was still in session. The appellee and all the appellants excepted to this judgment and gave notice of appeal to the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas at Amarillo, but no appeal was ever perfected from this judgment by any of the parties. The land was regularly sold under execution issued on this foreclosure judgment by the sheriff of Lynn County and conveyed by him to the Temple Trust Company for a recited consideration of $1,500, which was a part of the deficiency judgment obtained in the District Court of Lubbock County.

The appellee, on January 24, 1935, instituted suit, Cause No. 1047, against Alvin

O. White in his capacity as community administrator, and individually, and against his present wife, Lily, and the minor appellants, for the partition between the Temple Trust Company and the minor appellants of the 440 acres in which it is alleged that the company owned an undivided one-half interest and the minor appellants a one-half undivided interest and gives the description of the land contained in the sheriff's deed to the Temple Trust Company under the foreclosure sale in Cause No. 958. Service was had on all the parties and on September 19, 1935, the adult appellants answered by general demurrer and general denial and on March 9, 1935, the minor appellants, acting by and through their duly and legally appointed guardian ad litem, answered by general demurrer and general denial.

Cause No. 1047 was submitted to the court without the intervention of a jury and he found that appellee, the adult appellants and the minor appellants owned jointly Section No. 1, Block D–23, in Lynn County; that the property was susceptible of partition; that appellee owned an undivided one-half interest in 440 acres of the section; that the minor appellants together owned an undivided one-half interest in said 440 acres and that Alvin O. White owned an undivided one-half interest in the 200-acre homestead and the minor appellants together owned an undivided one-half interest in the 200-acre homestead, subject, however, to the homestead rights of the adult appellants. The court appointed commissioners of partition, a writ of partition was issued and on March 14, 1935, the commissioners of partition reported to the court that Alvin O. White had designated as his homestead the east 200 acres out of the north 440 acres of said survey of 640 acres; that said 200 acres were set apart to Alvin O. White and Lily White as their homestead, but the minor appellants owned an undivided interest therein subject to the homestead rights of the adult appellants, Alvin O. White and his second wife. They also reported that the 440 acres of the survey in excess of the homestead was divided into equal shares of 220 acres each, described as follows: "First Share: The West 220 acres of the North 420 acres of said Survey Number One (1) in Block D–23 (D–Twenty-three), Lynn County, Texas; and Second Share: The south 220 acres of said Survey Number One (1), Block D–23 (D–Twenty-three), Lynn County, Texas;" that said shares were of equal value and they had allotted share number one to the minor appellants and share number two to the appellee for the Temple Trust Company.

The report was submitted to the court and judgment rendered reciting that the appellee appeared by his attorney; that the minor appellants appeared by the guardian ad litem but that the adult appellants had made no further appearance therein and the court having examined the report, heard the exceptions and objections and finds that the partition had been fairly made according to law and decreed the approval and confirmation of the report and adjudged that the title to the land allotted to the appellee by the commissioners be vested in the Temple Trust Company and that the title of the minor appellants to the land allotted to them by the commissioners be vested in them; that the east 200 acres of the north 420 acres of the survey was vested one-half in Alvin O. White and one-half in the minor appellants.

The land upon which appellee sought to foreclose his abstract judgment lien in Cause No. 958 in all of the instruments is described as follows: "The undivided one-half interest of Alvin O. White in and to 440 acres out of Section 1 in Block D–23, Lynn County, Texas, and being all of said section except 200 acres claimed by Alvin O. White as homestead."

It is admitted that the section contains 640 acres. The return of the sheriff in the pluries execution shows that Mr. White claimed his homestead in the northeast corner of the section. In none of the proceedings, the sale under pluries execution, the suit to foreclose in 958 and the suit for partition, in which Mr. White pointed out that his homestead was in the northeast part of the section, is the location of the homestead questioned. Appellants in their brief admit that "White was in visible occupation of his 200 acre homestead", and, in our opinion, the descriptions of the land in the proceedings were not so insufficient, uncertain and indefinite as to render the judgment of foreclosure in 958 and the judgment of partition in 1047 void on their face.

In Wilson v. Smith, 50 Tex. 365, in a suit in trespass to try title, the validity of the judgment, execution sale and sheriff's deed were attacked because it was contended the descriptions contained in said instruments were void. In those instru-

ments the land was described as "one hundred and sixty acres of land, being a part of the homestead tract of said James Bankston, exclusive of two hundred acres exempt by law." The Supreme Court in passing upon the sufficiency of this description, says:

"Certainly the deed cannot be pronounced void upon mere inspection; for it cannot be said that it appears from the face of the deed that the land conveyed cannot be identified by the aid of extrinsic evidence. (Camley v. Stanfield, 10 Tex. [546] 550 [60 Am.Dec. 219]; Kingston v. Pickins, 46 Tex. 99; Ragsdale v. Robinson, 48 Tex. 379.) * * *

"The homestead tract, embracing three hundred and fifty or three hundred and sixty acres, appears to have been fixed and known. The levy was on the excess of this tract, over two hundred acres, recognizing the exemption of two hundred acres, to be laid off according to Bankston's choice, including his improvements. It was not a sale of so many acres out of a larger tract, with no means of fixing or locating the land sold, then or afterwards; but was a sale of that part of the tract remaining after the homestead was laid off."

This authority has been followed by the Supreme Court in Smith v. Crosby, 86 Tex. 15, 23 S.W. 10, 11, 40 Am.St.Rep. 818, in which Chief Justice Stayton says:

"In Wilson v. Smith, 50 Texas, 365, the levy and conveyance [were] on and of 'one hundred and sixty acres of land, being a part of the homestead tract of said James Bankston, exclusive of 200 acres exempt by law.' The homestead tract embraced about 360 acres of land, but the exempt 200 acres had not been designated.

"The levy and conveyance were held not to be void. 'It was not a sale of so many acres out of a larger tract, with no means of fixing or locating the land sold, then or afterwards, but was a sale of that part of the tract remaining after the homestead was laid off.'

"That extrinsic evidence may be introduced to clearly locate and identify land passing by a sheriff's deed, containing an accurate, but general, description, ought not to be controverted, and is not an open question in this court. Wilson v. Smith, 50 Tex. [365], 370; Giddings v. Day, 84 Tex. [605], 608, 19 S.W. 682."

See, also, Porch v. Rooney et al., Tex. Civ.App., 275 S.W. 494; Turner v. Crane et al., 19 Tex.Civ.App. 369, 47 S.W. 822; Lunn v. Scarborough, 6 Tex.Civ.App. 15, 24 S.W. 846; Caddell et al. v. Lufkin Land & Lumber Co. et al., Tex.Com.App., 255 S.W. 397; Downs v. Wagnon et al., Tex. Civ.App., 66 S.W.2d 777; Brown v. Renfro et al., 63 Tex. 600; Aycock v. Kimbrough et al., 61 Tex. 543; Braden et al. v. Gose et al., 57 Tex. 37.

■ The appellants attack the jurisdiction of the court in numerous assignments saying that the record discloses on its face in Cause No. 958 that appellee sought to foreclose a purported lien on 100 acres of the homestead property of Alvin O. White and his family. If we are correct in holding that the descriptions of the land in the proceedings attacked were not void, the contention of appellants that the court was without jurisdiction because it was an attempt to foreclose on the homestead is not tenable. "Right of surviving spouse to occupy home place as a homestead is not an 'estate.'" Dakan v. Dakan et al., 125 Tex. 305, 83 S.W.2d 620.

■ The excess acreage of a rural homestead may be separated therefrom by the owner. If he does not avail himself of this right then it may be done by a creditor who desires to have the excess applied to the payment of his debt. In all the proceedings before us Alvin O. White on each occasion pointed out the location of the homestead of himself and family. Nunn on Homestead and Other Exemptions, page 141.

In Clement v. First Nat. Bank of Paris, Tex., 115 Tex. 342, 282 S.W. 558, 561, the Supreme Court says: "The question whether the excess in a homestead may be subjected to the payment of the debts of a homestead claimant, be it the excess above 200 acres in a rural homestead or the excess above $5,000 at the time of dedication in an urban homestead, is not shrouded in doubt. That it may be so subjected is well settled, and a method for applying the excess is provided in the cases of Wood v. Wheeler, 7 Tex. 13; North v. Shearn, 15 Tex. [174], 175; Paschal v. Cushman, 26 Tex. 74; Hargadine v. Whitfield, 71 Tex. 482, 9 S.W. 475; Harrison et al. v. First Nat. Bank of Louisville (Tex.Civ.App.) 224 S.W. 269, and [Id.], (Tex.Com.App.) 238 S.W. 209. See Waples on Homestead and Exemption, pp. 224, 406, 730; Thompson on Homesteads and Exemptions, § 709; 29 Corpus Juris, 882."

To the same effect is the holding in Whiteman et al. v. Burkey et al., 115 Tex. 400, 282 S.W. 788.

The appellee contends that the attack made by the appellants on the proceedings in Causes Nos. 958 and 1047 are collateral. The appellants insist vigorously that their cross-action is a direct attack on such proceedings. In our opinion, this question is immaterial to the adult appellants for the reason that they were parties to Cause No. 958, contested the foreclosure of the abstract lien, excepted to the judgment of the court and gave notice of appeal from said decree. They filed no motion for new trial and did not seek to have the judgment reviewed by the appellate courts either by appeal or a writ of error. The validity of the lien and the description of the property was adjudicated against them in said proceedings. They do not contend that they were misled, deceived or prevented from urging all their defenses by any act of appellee and under the record the foreclosure, since not void on the face of the proceedings, is res judicata. Lindsey v. Dougherty, Tex.Civ.App., 60 S.W.2d 300; Bennett v. Carter, Tex.Civ.App., 102 S.W.2d 450; Birge et al. v. Conwell, Tex. Civ.App., 105 S.W.2d 407. Whether or not the adult appellants had any valid defense to Cause No. 958 and it was not presented is not available to them in this proceeding. The law is apparently settled that an attorney authorized to represent a client becomes his agent and the principal is responsible for the acts of the agent if done within the scope of his authority. Irvine et al. v. Grady, 85 Tex. 120, 19 S.W. 1028. Equity will not set aside a judgment against a party on account of the negligence or mistake of his attorney in failing to present fully and fairly his defense or cause of action. Universal Credit Co. v. Cunningham, Tex.Civ.App., 109 S.W.2d 507; Great American Indemnity Co. v. Dabney, Tex. Civ.App., 128 S.W.2d 496.

The minor appellants contend that the foreclosure proceedings and judgment in Cause No. 958 was void because the record is conclusive that no service was ever had on them citing them to answer the foreclosure suit. The record reveals and all parties concede that Alvin O. White owned a one-half undivided interest in the section of land and the minor appellants owned the other undivided one-half interest in said section subject to the homestead rights of Alvin O. White and his second wife. No effort was made in 958 to foreclose the abstract lien on any interest of the minor appellants in said section. They were tenants in common with Alvin O. White and therefore were not necessary parties to the foreclosure of the lien of appellee on the undivided interest of Alvin O. White, in the 440 acres, which was the acreage in the section in excess of the homestead. Frank B. Cotton v. Samuel Coit, 88 Tex. 414, 31 S.W. 1061.

A person holding a lien against a joint owner's undivided interest in land is authorized to foreclose his lien on the debtor's interest in the property. Shear Co. v. Lucas et al., Tex.Civ.App., 276 S.W. 935.

In Roy v. Abraham, 207 Ala. 400, 92 So. 792, 794, 25 A.L.R. 101, the Supreme Court of Alabama says: "Three of the respondents have no interest in the application of complainant by the bill to have the court enforce his judgment lien on the one-fourth interest of Abraham in the property. Their interest in the property is not involved in that lien. They and their property interests are strangers to it, and are not connected with the judgment lien of complainant. Hence they are unnecessary and improper parties to it."

The minor appellants claim that they acquired title to the undivided interest of Alvin O. White in the 220 acres involved in this suit by the deed from him and Lily White dated June 7, 1932, and that appellee had constructive notice of their title as the deed was promptly recorded in the County Clerk's office of Lynn County, Texas.

The land in this deed is described as "440 acres of land out of Section No. One (1), Block D–23, Abstract No. 838, Public School Land; W. D. Nevels, Original Grantee," situated in Lynn County, Texas.

This description presents, we think, what the law designates as a patent ambiguity, and extrinsic evidence in aid of such description is not admissible since the land as described is an undivided number of acres out of a larger tract and could not be located with certainty on the ground by extrinsic testimony inasmuch as it could be shifted to various positions on the section. Under this description the 440 acres could with equal certainty be placed in the northern, southern, eastern or western part of the larger tract or section of which it is a part. 14 Texas Jurisprudence 996.

In Harris et al. v. Shafer, 86 Tex. 314, 23 S.W. 979, 24 S.W. 263, the Supreme Court had before it for determination the sufficiency of the description contained in a deed in which the land was described as "being the upper part of the league and labor of land granted to the heirs of Mary Bird, situated on the waters of Pecan bayou in Travis," and the court stated: "We hold that the description given in the order of confirmation and in the deed is wholly insufficient, and in fact is no description, furnishing no means by which the land intended to be conveyed can be located at any particular place in the survey."

In Continental Supply Co. v. Missouri, K. & T. Ry. Co. et al., 269 S.W. 1040, the Commission of Appeals uses this language:

"In the absence of a general yet accurate designation of the land given in the deed, extrinsic evidence is not admissible to aid the description for the reason that to admit such character of evidence would be to make that character of evidence operative as a conveyance and nullify the plain provision of our statute of frauds which requires a contract for the sale of real estate to be in writing. Article 3965, tit. 62, Revised Civil Statutes. Wofford v. McKinna, 23 Tex. [36], 37, 76 Am.Dec. 53; Wooters v. Arledge, 54 Tex. [395], 397; Pfeiffer v. Lindsay, 66 Tex. [123], 124, 1 S.W. [264], 269; Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S.W. 724; Smith v. Crosby, 86 Tex. 15, 23 S.W. 10, 40 Am.St.Rep. 818; Harris v. Shafer, 86 Tex. 314, 23 S.W. 979, 24 S.W. 263; Edrington v. Hermann, 97 Tex. 193, 77 S.W. 408.

"In Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S.W. 724, the court said:

"'A deed purporting to convey land which describes it only by quantity, and as being part of a larger tract, with nothing whereby to identify what specific portion of the larger tract is intended to be conveyed, is void for uncertainty of description in a tax title.'"

See, also, Smith v. Crosby, supra; W. T. Carter & Bro. et al. v. Ewers, 133 Tex. 616, 131 S.W.2d 86, 123 A.L.R. 908; Higgins et al. v. Bankers' Mortgage Co., Tex.Com.App., 13 S.W.2d 683; Coker et ux. v. Roberts, 71 Tex. 597, 9 S.W. 665; Fortenberry et al. v. Cruse et al., Tex.Civ.App., 199 S.W. 523; Pomeroy et al. v. Pearce, Tex.Com.App., 291 S.W. 214; 14 Tex.Jur. 987.

The contention of the minor appellants to the effect that appellee was guilty of fraud in seeking and obtaining a foreclosure against their interest in the homestead and against the 440 acres, all of which they held either by inheritance or deed, is not tenable. In our opinion the record discloses that appellee neither sought nor obtained a foreclosure of its judgment lien against any interest of the minor appellants. However, this would not constitute a cause of actionable fraud.

In Smith v. Adams, 27 Tex. 28, 29, the court holds that anyone is liable to be harassed in his property and feelings by unfounded suits but this is not an injury for which he can maintain a suit. See, also, Panhandle Lumber Co. v. Fairey, Tex.Civ. App., 3 S.W.2d 941, and authorities cited.

The appellants complain of the action of the court in refusing to make and file additional findings of fact. The court did, at the request of the appellants, make findings of fact which are disclosed in the record and, in our opinion, are sufficient and find support in the testimony. In view of the complete statement of facts contained in the record, this complaint we think without merit.

The judgment is affirmed.